528 P.2d 407 (1974)
In the Matter of the ESTATE of Frank FEHLING, Deceased.
John M. BOYLE and Winniebell Fehling, Executor and Executrix, Appellants,
v.
Carl CANTONWINE, Claimant-Appellee.
No. 73-405.
Colorado Court of Appeals, Div. II.
October 6, 1974.
*408 Alan L. Sulzenfuss, Salida, for appellants.
Kreidler, Durham, Rosentrater & Moxley, Gary L. Rosentrator, Montrose, for claimant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This is an appeal from a judgment of the District Court of Chaffee County, sitting in probate, which required the appellants, as co-executors of the Estate of Frank M. Fehling, deceased, to pay appellee Cantonwine a $10,000 bequest, as provided in the will of the decedent. We affirm.
Mr. Fehling died, testate, January 22, 1968. His will was admitted to probate on May 23, 1968, and appellants were appointed co-executors of the estate on that date. Under the will, appellee was designated as legatee of $10,000. On January 4, 1972, the co-executors filed their final report covering the period from January 22, 1968, to November 9, 1971. Although the report states that a schedule of distribution is attached, no such schedule appears in the record. Notice of Final Settlement, requiring objections to the report to be filed by February 22, 1972, was duly published according to statute. The final report was approved by the court. The date of such approval does not appear in the record. No order discharging the co-executors was entered.
On October 12, 1972, appellee filed a motion to set aside the Notice of Final Settlement, and on July 10, 1973, he filed an "objection to the final report and demand *409 for payment of bequest." Appellants filed motions to strike both documents. Following a hearing the trial court found that the legacy remained unpaid and that there were adequate funds in the estate to pay it. The co-executors were ordered to pay the $10,000 to appellee.
The facts are undisputed. Appellants contend that appellee's objections to the final report were barred because of the late filing. They further contend that the final report could not be attacked after it had been approved by the court. Both assertions lack merit.
It is the duty of the fiduciary of a testate estate to collect and preserve the assets of the estate "for payment of legacies in accordance with the will." 1965 Perm.Supp., C.R.S.1963, XXX-XX-XX. Here the co-executors had not been discharged, and while the fiduciary is acting as such, "neither the doctrine of laches nor any statute of limitations can be successfully invoked" against a distributee. Archuleta v. Archuleta, 160 Colo. 32, 413 P.2d 704.
Further it is clear that, since the final report contained no schedule of distribution and failed to show on its face that the legacy to appellee had been paid, the approval of the final report was irregularly made. As stated in Williams v. Hankins, 82 Colo. 251, 258 P. 1114, "[A] court of probate, may at any time, in furtherance of justice, revoke its orders and reopen proceedings with respect to the settlement of estates of deceased persons. . . which have been irregularly made and procured by fraud or mistake."
Appellants further assert that appellee's sole remedy was a separate action against the fiduciaries and their bondsman. We do not agree since the probate court retains jurisdiction until the fiduciaries have been discharged and the estate closed. Goodknight v. Harper, 70 Colo. 41, 197 P. 237.
Judgment affirmed.
RULAND and KELLY, JJ., concur.