## No. C-921

### Carolyn Kropp and Patricia Lea Pecaut v. Farmers Insurance Exchange

(563 P.2d 943)

Decided May 2, 1977.                    Rehearing denied May 23, 1977.

Dawson, Nagel, Sherman & Howard, Michael A. Williams, H. Clay Whitlow, for petitioner Carolyn Kropp.

Creamer & Seaman, P.C., James Creamer, Jr., for petitioner Patricia Lea Pecaut.

DeMoulin, Anderson, Campbell and Laugesen, Laird Campbell, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *In re Estate of Wehling*, 37 Colo. App. 276, 547 P.2d 1289, which affirmed the order of the Denver probate court vacating an appointment of a special administrator. Having considered the merits, we affirm the judgment of the court of appeals.

Decedent Maxine Wehling died as the result of an automobile collision on June 15, 1972. Petitioners Carolyn Kropp, a passenger in the Wehling vehicle, and Patricia Lea Pecaut, driver of the other car, also sustained personal injuries.

Decedent's parents filed a petition for distribution as creditors of decedent's estate under the Small Estates Act, C.R.S. 1963, 153-7-4. The petition listed the sum of $294.08 as the estate's only asset. It did not list any other creditors, nor did it mention a liability insurance policy issued by respondent Farmers Insurance Exchange to decedent and in force at the time of the collision.

On June 26, 1972, the Denver probate court entered its order distributing the estate to decedent's parents. No letters testamentary or of administration were issued, and no petition challenging distribution under 1971 Perm. Supp., C.R.S. 1963, 153-7-4(8), was ever filed.

On June 28, 1974, the probate court granted the petition of Andrew Wysowatcky, Denver Public Administrator, to be appointed special administrator of decedent's estate. On July 16, Kropp filed suit in district court against Wysowatcky as special administrator, and against Pecaut. Pecaut cross-claimed against Wysowatcky for indemnification.

Respondent, who would be ultimately liable as insurer for any judgment against decedent's estate, filed a petition in probate court to vacate Wysowatcky's appointment as being beyond the court's jurisdiction. The probate court agreed and vacated its order of appointment. In a well-reasoned opinion, the court of appeals affirmed and this action followed.

C.R.S. 1963, 153-7-2, then in effect, provided in part:
"In case letters testamentary or of administration shall not have been theretofore issued upon the request of any other person, creditors of any person hereafter dying may apply for administration of his estate within one year after the date of decease, but not afterwards. * * *"

C.R.S. 1963, 153-7-3, further provided:
"If such letters are not issued within the time specified, all claims of creditors shall be forever barred * * *."

As a result of the operation of these two statutes, all creditors' claims against an estate would be barred if letters testamentary or of administration were not issued within one year of a decedent's death. Clearly, that is the case here, as no letters were issued within the one-year period from the date of death. Consequently, under the circumstances of this case, as held by the court of appeals, the probate court was without jurisdiction to appoint Wysowatcky as special administrator of decedent's

estate, and petitioners' claims therefore failed.[1] *Wheat v. Fidelity Co.*, 128 Colo. 236, 261 P.2d 493; *Baker v. Allen*, 34 Colo.App. 363, 528 P.2d 922.

The judgment is affirmed.

MR. JUSTICE CARRIGAN dissents.

MR. CHIEF JUSTICE PRINGLE does not participate.

---

[1] Petitioners' claims would not be barred under current law. Section 15-12-803(3)(b), C.R.S. 1973.