In the Matter of the ESTATE OF Darrell J. HAMILTON, Deceased,

v.

Kenneth C. EGAN, Personal Representative-Appellant,

v.

AKOLT, DICK AND AKOLT, a partnership, Claimant-Appellee.

No. 80CA1162.

Colorado Court of Appeals, Division II.

June 18, 1981.

Rehearing Denied July 9, 1981.

Arkin, McGloin & Davenport, P. C., Barbara J. Mueller, Harry L. Arkin, Denver, for personal representative-appellant.

Edward L. Volpe, Denver, for claimant-appellee.

TURSI, Judge.

In a proceeding to reopen an estate to determine allowance or disallowance of a claim, personal representative Kenneth G. Egan, appeals from an order of the trial court holding that the claim had been allowed. We affirm.

Egan, was appointed personal representative in an informal proceeding on February 28, 1979. Claimants, decedent's former attorneys, properly filed their claim for services rendered to the decedent. The personal representative alleges that unknown to him, the claim and voluminous supporting documents were filed in a separate folder, and therefore, he failed to file a notice of disallowance. There is no evidence in the record that the claim was called to his attention or that he inquired regarding claims.

On September 7, 1979, the personal representative incorrectly distributed the assets and closed the estate as a small estate without addressing claimants' claim. The assets far exceeded the amount of the claim and the monetary limitation of small estates. Claimants were not notified of the closing of the estate. Upon discovering that the estate had been closed, claimants filed an action, separate from the estate proceedings, seeking to surcharge the personal representative and the distributees of the estate for the amount of the claim.

■ The personal representative then filed a motion to reopen the estate or, in the alternative, for equitable relief. He alleged that there were grounds to disallow the claim in whole or in part, but failed to state the grounds with any particularity. The trial court entered an order reopening the estate for the limited purpose of determining whether the claim had been allowed or disallowed. The trial court then found that the claimants' claim had been properly filed pursuant to § 15–12–804, C.R.S.1973, and that the claim had been allowed by the failure of the personal representative to disallow pursuant to § 15–12–806(1), C.R.S. 1973. We agree.

■ On the personal representative's motion for rehearing, the trial court further ruled that it was improper to consider a late disallowance because the time for the claimant "to file a petition for allowance or commence a proceeding on the claim had run and the claim had been effectively barred." We disagree with this reasoning. The pertinent statutes involved are § 15–12–806 and § 15–12–1008, C.R.S.1973 (as worded prior to the 1979 amendments). Inasmuch as claimants' claim had been allowed by the inaction of the personal representative, the language of § 15–12–806, referring to the barring of the claim and the failure of the claimant to act after a disallowance, is inapposite. However, the trial court also held that the wording of § 15–12–1008 was not sufficiently broad to allow the reopening for the reasons alleged by the personal representative. We agree. At that time § 15–12–1008 addressed only estate property discovered after the estate had been closed and the personal representative discharged.

Although a trial court sitting in probate may reopen an estate in furtherance of justice, *Williams v. Hankins*, 82 Colo. 251, 258 P. 114 (1927); *In re Estate of Fehling*, 34 Colo.App. 445, 528 P.2d 407 (1974), the personal representative does not argue, on appeal, that the trial court should have so acted in this case.

Order affirmed.

PIERCE and STERNBERG, JJ., concur.