WISHBONE, INC., a Colorado corporation; Joseph Lochi and Francis Lochi, Plaintiffs–Appellants,

v.

Lula M. EPPINGER, personal representative of the estate of Wilmer H. Eppinger, Defendant–Appellee.

No. 90CA0225.

Colorado Court of Appeals, Div. I.

Aug. 29, 1991.

Rehearing Denied Oct. 17, 1991.

Certiorari Denied April 27, 1992.

Berger & Berger, Nathan M. Berger, David Berger, Commerce City, for plaintiffs-appellants.

Aisenberg & Kaplan, P.C., Bennett S. Aisenberg, H. Paul Himes, Jr., Denver, for defendant-appellee.

Opinion by Judge PIERCE.

Plaintiffs, Wishbone, Inc., and Joseph and Frances Lochi, appeal the dismissal of their claims by the entry of a summary judgment in favor of defendant, Lula Eppinger, personal representative of the Estate of Wilmer Eppinger. We affirm.

On February 25, 1988, the Lochis and the deceased entered into a receipt and option contract for the sale and purchase of "Lots 9 and 10, Holly Hurst Subdivision, County of Adams, Two acres more or less." The contract also provided that the property would be sold "with all easements and rights-of-way appurtenant thereto," and would be free and clear of all liens, encumbrances, and easements except "those of record."

The decedent died in March 1988, and defendant was appointed later that month as personal representative to the estate. On June 8, 1988, the personal representative delivered a deed for the subject property to plaintiffs. The deed conveyed "Plots 9 and 10, Except that portion conveyed to the Department of Highways in Deed recorded August 11, 1961 ... and except that portion dedicated to the Public in right of way dedication recorded August 28, 1972...."

Plaintiffs accepted the deed and tendered the purchase price as agreed. They claim that later that day they discovered that only 1.711 acres was actually conveyed, such being less than the two acres specified in the contract.

On July 6, 1988, plaintiffs presented to the personal representative their claim against the estate in which they requested an abatement to reflect the alleged deficiency between the deed tendered and the conveyance agreed upon in the contract. On July 15, 1988, defendant's attorney responded to plaintiffs' letter in what the trial court determined was notice of disallowance of the claim.

The letter informed plaintiffs "that you do not have grounds for any lawsuit against the estate." The letter, however, contained no notice that, pursuant to § 15–

12–806(1), C.R.S. (1987 Repl.Vol. 6B), there was a 60–day time limit for them to file their claim with the district court. Plaintiffs filed their claim in district court on December 30, 1988.

## I.

Section 15–12–806(1) provides, in pertinent part, that any claim disallowed by the personal representative is barred:

"unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than sixty days after the mailing of the notice of disallowance . . . if the notice warns the claimant of the impending bar."

Under § 15–12–806(2), C.R.S. (1987 Repl. Vol. 6B), the court may allow, in whole or in part, any claim presented to the personal representative or filed in due time with the court upon petition of the personal representative or claimant if such claim is not barred by § 15–12–806(1).

The question presented here seeks a determination of the effect, under the non-claim statute, § 15–12–801, et seq., C.R.S. (1987 Repl.Vol. 6B), of the personal representative's failure to provide notice of the applicable 60–day time bar in her notice disallowing claims against the estate.

Plaintiffs argue that the timely presentment of their claims to the personal representative pursuant to § 15–12–803(2)(a), C.R.S. (1987 Repl.Vol. 6B) vested the trial court with jurisdiction and arrested the application of the non-claim statute. Plaintiffs further argue that the personal representative's noncompliance with the non-claim statute, by her failure to notify plaintiffs of the 60–day time bar contrary to § 15–12–806(1), in effect tolled the non-claim statute. Hence, they conclude that this failure to trigger the provisions of the non-claim statute invokes either a three or two-year statute of limitations otherwise applicable to plaintiffs' claims, §§ 13–80–101 and 13–80–102, C.R.S. (1986 Repl.Vol. 6A).

Plaintiffs contend that to reach another result would render § 15–12–802, C.R.S. (1987 Repl.Vol. 6B) meaningless. We, how-ever, conclude that the result sought by plaintiffs is contrary to Colorado authority and inconsistent with the purposes of the Colorado Probate Code.

■ Generally, a claim is allowed by failure of the personal representative to disallow it. *In re Estate of Hamilton v. Egan*, 633 P.2d 1100 (Colo.App.1981). And, a claim which is defectively or improperly disallowed is treated as though it were allowed. *See In re Estate of Roddy*, 784 P.2d 841 (Colo.App.1989).

There is no dispute here that the personal representative failed to notify plaintiffs of the time bar as required under the statute. However, the failure to provide notice of the applicable time limitation did not render the disallowance itself defective. Rather, the issue to be determined is the time bar now applicable to plaintiffs' claims.

The non-claim statute provides that the commencement of any proceeding on a claim must occur within the time limited for presenting the claim, which in this case is four months from when defendant's performance was due. Section 15–12–804(2), C.R.S. (1987 Repl.Vol. 6B); *see* § 15–12–803(2)(a), C.R.S. (1987 Repl.Vol. 6B). And, although the 60 days in which to commence a proceeding after the mailing of notice of disallowance may be extended by the court or personal representative, any extension may not "run beyond the applicable statute of limitations." Section 15–12–804(3), C.R.S. (1987 Repl.Vol. 6B).

Section 15–12–802 instructs as to the applicable limitations and provides, in relevant part:

"For purposes of any statute of limitations other than those limitations specified in §§ 15–12–801, 15–12–803, 15–12–804, and 15–12–806, the proper presentation of a claim under § 15–12–804 is equivalent to commencement of a proceeding on the claim."

Contrary to plaintiffs' assertions, and even if we assume the inapplicability of the 60–day time limit in which to commence claims, this language does not indicate a departure from the applicable time limits

under the non-claim statute for claims brought *against the estate. See In re Estate of Wehling*, 37 Colo.App. 276, 547 P.2d 1289 (1976), *aff'd sub nom. Kropp v. Farmers Insurance Exchange*, 193 Colo. 144, 563 P.2d 943 (1977) (time limitations under Colorado Probate Code do not apply to actions *on liability insurance policies* issued to the decedent).

Section 15–12–803 provides a four-month period in which all claims against the estate must be filed. *See In re Estate of Daigle*, 634 P.2d 71 (Colo.1981). Failure of plaintiffs' to file a claim that could be considered within that period removed jurisdiction from the trial court to consider that claim. *In re Alperstein v. Sherwood International, Inc.*, 778 P.2d 279 (Colo.App. 1989). And, this time limitation of four months is "much shorter than, and supersedes, all statutes of limitation which might otherwise have been applicable." *In re Estate of Scott*, 735 P.2d 924 (Colo.App. 1986).

■ The basic purpose of the Colorado Probate Code is to promote the speedy and efficient settlement of estates. As such, the time limit under the non-claim statute for presentation of a claim is jurisdictional in character. *In re Estate of Daigle, supra; Strong Brothers Enterprises, Inc. v. Estate of Strong*, 666 P.2d 1109 (Colo.App. 1983).

■ Compliance with the non-claim statute is a condition precedent to the enforcement of a right of action, as opposed to its remedy. Failure to comply with the non-claim statute bars claims asserted after its expiration and deprives both the trial court and reviewing court of jurisdiction over the subject matter of the claim. *In re Estate of Randall v. Colorado State Hospital*, 166 Colo. 1, 441 P.2d 153 (1968); *In re Estate of Plank v. Plank*, 32 Colo.App. 126, 509 P.2d 812 (1973).

■ Based upon the foregoing analysis, we conclude that the mandatory warning invokes the 60–day time bar only, and failure to give such notice affects only that time bar. *See* § 15–12–806(1). Since it cannot be said here that the failure to warn of the 60–day time bar defeated the substance or intended effect of the notice of disallowance, failure of defendant to comply strictly with this notice requirement only relieves plaintiffs of the requirement to file their claim seeking allowance within 60 days. *See* § 15–12–804(3), C.R.S. (1987 Repl.Vol. 6B) (60 day limit may be extended).

Plaintiffs' claims, therefore, are, by virtue of § 15–12–803(2), barred under the non-claim statute for failure file them within the applicable four-month period.

Plaintiffs have cited no case law or policy to support their contention that a failure to provide notice of the 60–day time bar removes their claim from the requirements and policies of the probate code or implicates the general statutes of limitation. Moreover, a non-claim statute is not a statute of limitations, *In re Estate of Randall, supra*, and to employ such a construction would frustrate the statutory goal underlying the distribution of estates. *In re Estate of Daigle, supra*. Since it affects the jurisdiction of the court to act, it is an absolute bar which cannot be tolled or waived, either intentionally or by implication. *In re Estate of Scott, supra; Barnhill v. Public Service Co.*, 649 P.2d 716 (Colo.App.1982).

Here, plaintiffs' claim was required to be filed within four-months after performance by the personal representative was due, or by October 8, 1988. *See* §§ 15–12–803(2)(a) and 15–12–804(2), C.R.S. (1987 Repl.Vol. 6B); *In re Estate of Scott, supra*. Failure to have done so bars plaintiffs' claim against the estate.

II.

Plaintiffs contend that the application of the non-claim statute violates their rights to due process since they were given no actual notice regarding the operation of the non-claim statute.

*Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), upon which plaintiffs rely here, is inapposite. The non-claim statute at issue in *Tulsa* involved substantial state action. The probate court was

significantly involved throughout the probate proceedings, and the time bar was activated by that involvement.

■ By contrast, the non-claim statute here is self-executing in that it is not triggered by legal proceedings, but automatically lapses upon the expiration of the statutory period. Given this self-executing feature, the lack of prior actual notice to plaintiffs of the operation of the statute does not constitute a deprivation of due process. *See Texaco, Inc. v. Short,* 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982).

■ Also without merit is plaintiffs' contention that the statutory time period is too limited to have afforded plaintiffs due process. The government has an interest in the speedy and efficient settlement of estates, *In re Estate of Daigle, supra,* and plaintiffs are presumed to have knowledge of the relevant statutory provisions from the General Assembly's enactment of the statute. *See Texaco, Inc. v. Short, supra; see also Dove v. Delgado,* 808 P.2d 1270 (Colo.1991) (two-year period for filing negligence action not so short as to deny due process).

### III.

Plaintiffs' final contention is that the trial court erred in determining, contrary to the intent of the parties, that the contract merged into the deed. We find it unnecessary to resolve this issue given the bar to plaintiffs' claim against the estate.

Judgment affirmed.

RULAND and DUBOFSKY, JJ., concur.