In the Matter of the ESTATE OF
Hazel M. HALL, Deceased.

Elizabeth HARTLEY, Claimant–
Appellant,

v.

Douglas M. HALL, Personal
Representative–
Appellee.

No. 95CA0492.

Colorado Court of Appeals,
Div. II.

Aug. 22, 1996.

Rehearing Denied Sept. 26, 1996.

Certiorari Granted April 21, 1997.

Brown & Jaber, Joseph Daniel Jaber, Grand Junction, for Claimant–Appellant.

Williams, Turner, & Holmes, P.C., William D. Prakken, Grand Junction, for Personal Representative–Appellee.

Opinion by Judge HUME.

Claimant, Elizabeth Hartley, appeals the order of the district court dismissing her petition for allowance of claims pursuant to § 15–12–806, C.R.S. (1987 Repl.Vol. 6B). We vacate the order and remand the cause for further proceedings.

Hazel M. Hall (decedent) died on August 7, 1989. In December 1989, the personal representative of her estate published a notice to creditors advising that claims against the estate must be presented by April 30, 1990.

On January 4, 1990, claimant filed a statement of claim in the probate proceedings seeking approximately $26,000 in compensation for care and maintenance allegedly provided to Hazel M. Hall during her lifetime. And, because claimant was later called as a witness during litigation involving the estate, she also filed a claim in the court within the four month period after the expense was incurred as required by § 15–12–803(2)(b), C.R.S. (1987 Repl.Vol. 6B), seeking approximately $550 in travel expenses.

The estate was closed October 25, 1993, and on July 13, 1994, the personal representative filed a written notice with the court purporting to disallow both of claimant's claims. Claimant then filed a petition for allowance of claims on September 9, 1994.

Following a hearing, the district court dismissed claimant's petition for allowance. Finding that the filing of such petition was governed by § 15–12–804(2), C.R.S. (1987 Repl.Vol. 6B), the trial court ruled it was untimely because, contrary to that statute, it was not filed within "the time limited for presenting [a] claim" against the estate.

Claimant contends that, because the personal representative failed to disallow her claims in a timely manner, the claims were deemed allowed by operation of law. And, because of the deemed allowance, claimant further contends that the personal representative's untimely 1994 notice ostensibly disallowing her claims triggered a right for claimant under § 15–12–806(2), C.R.S. (1987 Repl.

Vol. 6B), within sixty days of such disallowance, to commence an action to enforce payment of her claims. We agree.

■■■ Section 15–12–803(1), C.R.S. (1987 Repl.Vol. 6B) requires that all claims against a decedent's estate which arose before the decedent's death be presented within the time set in the notice to creditors or, if no such notice has been published, within one year after the decedent's death. And, § 15–12–803(2), C.R.S. (1987 Repl.Vol. 6B) allows any claim against a decedent's estate arising at or after the death of the decedent to be presented within four months after the claim arises. Claims that are not presented within the prescribed periods are forever barred. *See In re Estate of Daigle*, 634 P.2d 71 (Colo.1981).

■■■ According to § 15–12–804, C.R.S. (1987 Repl.Vol. 6B),

(1) A claimant against a decedent's estate may deliver or mail to the personal representative a written statement of the claim ... or may file a written statement of the claim ... with the clerk of the court. The claim is deemed presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim with the court.

(2) A claimant having a claim described in section 15–12–803(1) may commence a proceeding against the personal representative in the court where the personal representative was appointed to obtain payment of his claim. A claimant having a claim described in section 15–12–803(2) may commence a proceeding against the personal representative in any court where the personal representative may be subjected to jurisdiction under the rules of civil procedure or statutes of this state to obtain payment of his claim against the estate. The commencement of any proceeding on any claim, however, must occur within the time limited for presenting the claim.

And, § 15–12–806(1), C.R.S. (1987 Repl. Vol. 6B) provides in pertinent part:

As to claims presented in the manner described in section 15–12–804 within the time limit prescribed in section 15–12–803, the personal representative may mail a notice to any claimant stating that the claim has been disallowed. If the personal representative fails to mail notice to a claimant of action on his claim within sixty days after the time for original presentation of the claim has expired, the claim shall be deemed to be allowed.

■■■ The nonclaim statute, § 15–12–803, is a condition precedent and not a statute of limitations. Therefore, a claim must be presented within the time provided by that statute or it will be barred. *In re Estate of Randall v. Colorado State Hospital*, 166 Colo. 1, 441 P.2d 153 (1968). Failure to comply with the nonclaim statute bars the presentation of any claim after the specified period expires and deprives a probate court of jurisdiction over the claim. *Wishbone, Inc. v. Eppinger*, 829 P.2d 434 (Colo.App. 1991).

■■■ Here, claimant presented her claims within the time limit set forth in the notice given by the personal representative and within the period provided by law for the claim that arose after decedent's death. Claimant contended that the personal representative did not mail notice to her that her claims had been disallowed within the sixty days after the time for presenting claims had expired as required by § 15–12–806(1). Although the personal representative argued that the claim had been timely disallowed, the probate court did not resolve that issue, concluding instead that claimant's petition for allowance was untimely.

On appeal, the personal representative asserts that, even if claimant's claims are deemed allowed by operation of § 15–12–806(1), nevertheless, *Security Savings & Loan Ass'n v. Estate of Kite*, 857 P.2d 430 (Colo.App.1992) bars claimant from filing a petition for allowance of claims. He argues that claimant was required to commence such action before the expiration of time to present claims even though her claims had not yet been allowed or disallowed. We disagree.

In *In re Estate of Hamilton v. Egan*, 633 P.2d 1100 (Colo.App.1981), a division of this court determined that the personal represen-

tative's failure to disallow a timely presented claim while the estate was still open would render such claim allowed as a matter of law. And, once the estate had been closed, it could be reopened only to determine the factual issue as to whether the claim had or had not been timely disallowed. The court held that if such claim should be found to have been deemed allowed, then the claim should be paid.

And, in *In re Estate of Roddy*, 784 P.2d 841 (Colo.App.1989), the personal representative argued on appeal that claims deemed allowed may later be disallowed while an estate remains open and then adjudicated on their merits upon a petition for allowance that was timely filed after an untimely disallowance. A division of this court agreed and determined that the trial court, whether acting under § 15–12–806(2) or § 15–12–807, C.R.S. (1987 Repl.Vol. 6B), did not err in refusing to order payment of the claim without a hearing.

However, in *Security Savings & Loan Ass'n v. Estate of Kite, supra*, a division of this court determined that even though a personal representative had neither allowed nor disallowed a claim, a literal reading of § 15–12–804(2) requires a claimant to commence a proceeding to enforce payment within the time permitted for presenting a claim.

 Interpretation of a statute is a question of law. A statute must be construed to give effect to the General Assembly's intent and avoid an illogical result. *Spedding v. Motor Vehicle Dealer Board*, 931 P.2d 480 (Colo.App.1996). And, it is presumed that the General Assembly has knowledge of the legal import of the words used and intends that each part of a statute is to be given effect. *See* § 2–4–201, C.R.S. (1980 Repl.Vol. 1B); *Longbottom v. State Board of Community Colleges & Occupational Education*, 872 P.2d 1253 (Colo.App.1993).

We agree with the reasoning in *In re Estate of Hamilton, supra*, and *In re Estate of Roddy, supra*, and therefore, we do not interpret §§ 15–12–803 and 15–12–804 as requiring a creditor to commence an action to enforce payment of claims which the personal representative has neither allowed nor disal-

lowed. Rather, §§ 15–12–804(1) & 15–12–804(2) allow a claimant to choose the manner, subject to the time limits set forth in § 15–12–803, by which a claim is presented, whether by mailing or delivering it to the personal representative, filing it in the probate court, or by commencing a separate civil action for collection.

A claimant who chooses to commence a proceeding under § 15–12–804(2) elects to seek recovery of his or her claim through a civil proceeding rather than by presenting it to or through the personal representative.

 A claimant who has presented a claim pursuant to § 15–12–804(1), however, has opted for consideration of its merits by the personal representative. A personal representative has a duty to exercise diligent care in timely disposing of claims presented to him or her. Failure of a personal representative to disallow a claim properly should not result in the forfeiture of a timely and properly presented claim. Rather, a claimant whose presented claim has been deemed allowed is entitled to enforce payment of that claim. *See* §§ 15–12–806 & 15–12–807.

 It follows that, although a claim that has been deemed allowed may later be purportedly disallowed or not paid before an estate is closed, a claimant is then entitled to petition the court for allowance and payment of the claim under § 15–12–806 or § 15–12–807, even though such petition is brought more than sixty days after the deadline for presenting a claim pursuant to § 15–12–803. Rather, a claimant has sixty days from the date of a notice of disallowance in which to seek an order allowing payment of a claim. *See In re Estate of Roddy, supra*; § 15–12–806.

Indeed, a contrary interpretation would allow a personal representative to forego either allowing or disallowing presented claims, to close the estate, and to leave creditors who have properly presented claims and relied upon the statutory language deeming allowance of such claims with no recourse to enforce their payment. Any power of enforcement existing under § 15–12–806(2) or § 15–12–807 would thus be undermined, and

the language in § 15–12–806(1), providing that a claim not timely disallowed shall be deemed allowed, would be nullified. Rather, every creditor would be forced to present a claim and to commence an action to enforce it without knowing whether it would be allowed or disallowed. Under this reasoning, § 15–12–803(1) would be subsumed by § 15–12–804(2).

The litigation resulting from the cautionary measures that would be required to enforce a claim under such an interpretation would proliferate the filing of proceedings for allowance of claims in contravention of the purpose of the probate code to promote the speedy and efficient settlement of estates. *See State Board of Medical Examiners v. Saddoris,* 825 P.2d 39 (Colo.1992)(statutory interpretation should not lead to absurd results).

In our view, the language of § 15–12–804(2) stating that the "commencement of any proceeding on any claim ... must occur within the time limited for presenting the claim" relates to civil proceedings commenced against the personal representative as described by the statutory language immediately preceding the quoted portion of § 15–12–804(2). Claims pursued in such civil proceedings are not deemed allowed or disallowed under the statutory scheme. Rather, the commencement and resolution of such proceedings are governed by statutes and rules of procedure relating to civil actions.

However, a reasonable limitation for commencement of such proceedings is necessary to place such creditors on an equal footing with those who proceed under the probate code. Hence, in our view, the intent of the General Assembly was to require the "filing" or "commencement" of such alternate civil proceeding within the period provided by the nonclaim statute, and that that intent is reflected by that portion of § 15–12–804(2) quoted in the preceding paragraph.

Interpretation of the phrase at issue to read as follows would comport with that legislative intent: "commencement of any [such] proceeding on any [such] claim must occur within the time limited for presenting the claim." This construction of the statutory language would harmonize the statutes that

otherwise appear in conflict and would not effect a nullification of the "deemed allowance" provision of § 15–12–806(1).

■ Thus, we conclude that a claimant who has timely presented a claim under § 15–12–803 pursuant to § 15–12–804(1) is not barred from subsequently seeking to enforce its payment under § 15–12–806(2) or § 15–12–807 after the claim has been deemed allowed and remains unpaid. To the extent that the court's ruling in *Security Savings & Loan Ass'n v. Estate of Kite, supra,* may be inconsistent with our interpretation of § 15–12–804(2), we decline to follow that ruling. Our interpretation is also consistent with a clarifying amendment enacted effective July 1, 1996. *See* Colo. Sess. Laws 1996, ch. 139, § 15–12–804(2) at 660.

■ Here, claimant presented claims against decedent's estate in the manner described in § 15–12–804(1) and within the time set forth under § 15–12–803. If the claims were deemed allowed by the personal representative's failure to mail timely notice of disallowance as required by § 15–12–806(1), then claimant's petition for allowance made within sixty days of receiving express notice of disallowance of her claims was timely. *See* § 15–12–804(3), C.R.S. (1987 Repl.Vol. 6B).

The personal representative cannot properly disallow claimant's claims after the estate has been closed. Nor can the estate now be reopened to disallow the claims. Upon remand, the trial court should order the estate reopened solely to determine if claimant's claims have been deemed allowed and to order payment of the same to the extent that the claims are sustained and funds remain available to pay them.

The order is vacated and the cause is remanded for further proceedings consistent with the views expressed herein.

CRISWELL, J., concurs.

JONES, J., dissents.

JONES, J., dissenting.

I respectfully dissent.

I cannot join the majority opinion because, however compelling it may appear, it fails to apply the plain language of the probate statutes, interprets those statutes contrary to the clear intent expressed in them and contrary to established cases of the Colorado appellate courts, and, literally, re-writes those statutes to effect a result that the majority, rather than the General Assembly, would seek.

The undisputed facts are that the decedent, Hazel M. Hall, died on August 7, 1989. The personal representative published a notice to creditors in December 1989, advising that claims against the estate must be presented by April 30, 1990. Thereafter, on January 4, 1990, claimant filed a "statement" with the district court claiming approximately $26,000 in compensation for care and maintenance of the deceased. On March 4, 1991, claimant filed a letter with the court claiming approximately $550 in travel expenses as a witness in litigation involving the estate.

The estate was closed October 25, 1993. On July 13, 1994, following closure of the estate, the personal representative filed a written notice with the court disallowing both claimant's claims. Claimant then filed the petition for allowance of claims at issue here.

Following a hearing, the district court, sitting in probate, found and concluded that claimant had failed to file her petition within the time period set forth in § 15–12–804(2), C.R.S. (1987 Repl.Vol. 6B). Thus, the court dismissed claimant's petition as untimely.

On appeal, claimant contends that the district court erred in holding that her petition was untimely. The crux of her argument is that because the personal representative failed to disallow her claims in a timely manner, the claims were allowed by operation of law. Thus allowed, she asserts, the personal representative's subsequent disallowance of the claims triggered her right under § 15–12–806(2) to, within 60 days, either petition the court or commence a proceeding against the personal representative for the allowance.

I agree with claimant that a failure to disallow a claim in writing results in an al-lowance of the claim. Section 15–12–806(1), provides in pertinent part:

> If the personal representative fails to mail notice to a claimant of action on his claim within sixty days after the time for original presentation of the claim has expired, the claim shall be deemed to be allowed.

*See Wishbone, Inc. v. Eppinger,* 829 P.2d 434 (Colo.App.1991); *In re Estate of Roddy,* 784 P.2d 841 (Colo.App.1989). I disagree, however, with claimant's assertion that a disallowance of her claims by the personal representative in July 1994 triggers the right provided under § 15–12–806 to petition or commence a proceeding on those claims.

*Security Savings & Loan Ass'n v. Estate of Kite,* 857 P.2d 430 (Colo.App.1992) is dispositive of this issue. There, as here, claimants presented their claim in a timely manner under § 15–12–803, C.R.S. (1987 Repl. Vol. 6B), as it existed prior to repeal and reenactment in 1990. And, following the estate's disallowance of the claim, claimants filed their petition for allowance within the sixty day time limitation set forth in § 15–12–806(1). The *Kite* panel rejected the claimants' argument, similarly asserted here, that because it had met the time requirements of § 15–12–806 the petition was "timely". The court concluded, instead, that timeliness turns on compliance with § 15–12–804(2), a statute of nonclaim. This statute provides in relevant part:

> A claimant having a claim ... may commence a proceeding against the personal representative ... to obtain payment of his claim ... The commencement of any proceeding on any claim ... must occur within the time limited for presenting the claim ...

In reaching this conclusion, the court recognized that the basic purpose of the probate code is to promote the speedy and efficient settlement of estates. It held that consistent with this purpose, the nonclaim statute prohibited absolutely the initiation of litigation beyond the time permitted for presentation of a claim. *See also Public Service Co. v. Barnhill,* 690 P.2d 1248 (Colo.1984).

Moreover, the court reasoned, in light of the operation of the nonclaim statute, whether the personal representative of the estate

failed to allow or disallow a claim before the period provided in § 15–12–804(2) ran, § 15–12–806(1) would not enlarge the time to commence an action to enforce the claim. Rather, any 60–day extension triggered by a personal representative's disallowance of a claim could not run beyond the applicable statute of limitations. *See also Wishbone, Inc. v. Eppinger, supra.* Accordingly, the court concluded:

> [E]ven though the personal representative has not yet allowed or disallowed a claim, the nonclaim statute requires a claimant to commence an action [to enforce his claim] within the time permitted for presentation of a claim.

This case is, in all significant respects, indistinguishable from the *Kite* case. The parties do not dispute that the claim for care and maintenance of the decedent was presented prior to the April 30, 1990, limitation set in the notice to creditors. *See* § 15–12–803(1)(a), C.R.S. (1987 Repl.Vol. 6B) (repealed and reenacted in 1990). Likewise, the claim for litigation expenses was presented before June 1991, that is, within four months after it arose. *See* § 15–12–803(2)(a), C.R.S. (1987 Repl. Vol 6B). Moreover, the petition for allowance was filed within sixty days of the personal representative's written notice of disallowance.

Despite claimant's compliance with these statutory deadlines, however, there is no indication in the record that she complied with § 15–12–804(2). Specifically, there is no evidence that claimant commenced a proceeding against the personal representative in district court before April 30, 1990, to enforce her claim that arose before the death of the decedent. Nor is there evidence that she commenced a similar proceeding prior to June 1991 to enforce her claim which arose after the decedent's death.

Without ambiguity, obstruction, or obfuscation, the General Assembly stated, in § 15–12–804(2): "The commencement of *any* proceeding on *any* claim ... must occur within the time limited for presenting the claim." (emphasis added) Its basic purpose in so stating is to promote the speedy and efficient settlement of estates. This being so, the time limits under the nonclaim statute for presentation of a claim are jurisdictional. *See Wishbone, Inc. v. Eppinger, supra,* 829 P.2d at 437.

Thus, claimant's failure timely to commence her proceedings against the personal representative deprived both the district court and this court of jurisdiction over the subject matter of the claims.

Under these circumstances, I conclude that claimant's petition was, indeed, untimely and the district court did not err in ordering the petition dismissed.

I note that claimant and the majority argue that the conclusion I reach is inconsistent with the statute's purpose of promoting the speedy and efficient administration of a decedent's estate. To the contrary, claimant's petition, filed approximately five years after the decedent's death, and the conflicting evidence in the record on the action taken, if any, on her claims during that time, illustrates the need for and purpose of a nonclaim statute and for its strict enforcement.

In absolutely barring the initiation of litigation after a specified period of time, § 15–12–804(2) ensures that all litigation is commenced promptly, thus allowing the parties a full and fair opportunity to obtain important evidence and to develop their case. Additionally, it encourages a foreseeable end to the risk of potential litigation. *See generally Public Service Co. v. Barnhill, supra.*

Furthermore, it is to be presumed that the General Assembly foresaw that certain inequities might obtain in the scheme it promulgated for the speedy and efficient administration of estates. Apparently, the General Assembly weighed more heavily in the balance the just and efficient handling of estates generally than the less than occasional bar to a claim against an estate that might occur through otherwise proper application of the statutes.

What is certain, however, is that any such results are to be addressed by the General Assembly itself. Such attempts on the part of judges, however well-intentioned, amount to no more than unwarranted judicial legislating that is unnecessary and improper here. *See* Colo. Sess. Laws 1996, ch. 139, § 15–12–

804(2) at 660 (amendment by the General Assembly to § 15–12–804(2), not applicable here retroactively because it amends the statute and does not merely clarify it).

Therefore, I would affirm the order of the district court dismissing claimant's petition.