In the Matter of the ESTATE OF
Hazel M. HALL, Deceased.

Douglas M. HALL, Petitioner,

v.

Elizabeth HARTLEY, Respondent.

No. 96SC734.

Supreme Court of Colorado,
En Banc.

Nov. 24, 1997.

Williams, Turner & Holmes, P.C., William
D. Prakken, Kirsten M. Kurath, Grand Junc-
tion, for Petitioner.

J. Daniel Jaber, P.C., J. Daniel Jaber,
Grand Junction, for Respondent.

Justice BENDER delivered the Opinion of
the Court.

This case concerns competing interpreta-
tions of the Colorado Probate Code dealing

with the time period required for a creditor to initiate a proceeding for the allowance of a claim against an estate after the personal representative denies the validity of the claim. In *In re Estate of Hall*, 936 P.2d 592 (Colo.App.1996), the court of appeals overturned the district court's dismissal of the claims of respondent (daughter) as being time-barred. Petitioner (son) appeals this decision. We adopt the reasoning of the court of appeals and hold that the daughter's claims are not time-barred. We resolve the competing statutory time requirements by holding that upon the disallowance of a timely presented claim, the deadline for the claimant to file a petition for allowance is governed by the time limits in section 15–12–806(1), 6B C.R.S. (1987), sixty days from the mailing by the personal representative of the notice of disallowance of the claim, and not by the deadlines contained in section 15–12–803, 6B C.R.S. (1987), the nonclaim statute, which dictates when a claimant must initially present a claim. Thus, we affirm the court of appeals and return this case with directions to remand it to the district court for further proceedings consistent with this opinion.

## I.

Hazel M. Hall died on August 7, 1989, after living the last three years of her life with her daughter. Her son was appointed personal representative on October 13, 1989. The son published notice to creditors advising that claims against the estate had to be presented by April 30, 1990.

On January 4, 1990, the daughter filed a timely claim against the estate requesting $26,300 for care and maintenance of the decedent. On February 14, 1991, the daughter appeared as a witness in unrelated proceedings against the estate. On March 4, 1991, the daughter filed a second timely claim requesting $549.97 for travel expenses in connection with her appearance as a witness.

On October 25, 1993, the son closed the estate without paying the daughter's claims. Approximately nine months later, on July 13, 1994, the son filed with the district court a

notice of disallowance of the daughter's claims, alleging that he had previously notified the daughter that her two claims were disallowed.

The daughter contended that she did not receive the notice of disallowance, and argued that under section 15–12–806(1), if a personal representative fails to disallow a claim within sixty days of the deadline for presenting the claim, the claim is "deemed allowed." On September 9, 1994, the daughter protested the disallowance by filing a petition for payment of her two claims.

The district court did not resolve the factual conflicts of whether and when the son mailed a notice of disallowance to the daughter. Instead, the district court dismissed the daughter's petition for allowance as time-barred by applying the time periods contained in section 15–12–803, because another provision of the probate code, section 15–12–804(2), 6B C.R.S. (1987), states in part: "The commencement of any proceeding on any claim, however, must occur within the time limited for presenting the claim [under section 15–12–803]." The district court reasoned that a petition for allowance was the "commencement" of a "proceeding," and thus the daughter's petition for allowance had to be filed by the deadline for presentation of claims. Even though the daughter's petition to allow her claims was timely under the allowance statute, section 15–12–806(1),[1] the district court dismissed her petition because it was filed after the deadlines for presentation of claims under section 15–12–803.

The daughter argued to the district court that applying the deadlines for the presentation of claims, contained in section 15–12–803, to a proceeding for the allowance of claims would require claimants in some cases to file petitions to allow claims before the personal representative acted to deny their claims. The district court acknowledged this possibility but stated it was bound to follow the court of appeals' decision on this issue announced in *Security Savings & Loan Ass'n v. Estate of Kite*, 857 P.2d 430, 434–35 (Colo. App.1992) (petitions to allow claims must be filed within the time limit for the presentation of claims even if the personal represen-

1. For the text of section 15–12–806, see *infra* note 8.

tative has not yet acted to disallow the claim). The daughter appealed the dismissal of her petition.

The court of appeals overturned the district court's dismissal of the daughter's petition to allow her claims by holding that the daughter's petition was timely filed under section 15–12–803, and that the language of section 15–12–804(2), stating, "The commencement of any proceeding on any claim, however, must occur within the time limited for presenting the claim," did not apply to a petition to allow a claim under section 15–12–806(1). *See Estate of Hall,* 936 P.2d at 596. With regard to any inconsistency with *Estate of Kite,* the court of appeals "decline[d] to follow that ruling." *Id.* The court of appeals remanded the case to the district court with instructions to order the estate reopened to determine whether the daughter's claims had been deemed allowed, because the son could not properly disallow the daughter's claims if the estate were closed. *See id.*

The son petitioned this court for certiorari review, arguing that the decision of the court of appeals was in conflict with two previous decisions of that court, *Estate of Kite,* 857 P.2d at 430, and *Wishbone, Inc. v. Eppinger,* 829 P.2d 434 (Colo.App.1991). We granted certiorari to resolve this conflict.[2]

**2.** The issue was framed on certiorari as follows:

Whether the court of appeals erred in interpreting time limits in section 15–12–804(2), 6B C.R.S. (1987), as applying only to the presentment procedures described in that subsection, and not extending to the procedure for allowance set forth in section 15–12–806(1), 6B C.R.S. (1987).

**3.** Although a nonclaim statute appears to be in the nature of a statute of limitations, the two concepts are distinct. Unlike a statute of limitations, the nonclaim statute may not be waived or tolled. The nonclaim statute imposes a condition precedent to the enforcement of a right of action; by contrast, a statute of limitations does not bar the right of action, but only the remedy. *See In re Estate of Randall,* 166 Colo. 1, 6, 441 P.2d 153, 155 (1968).

**4.** Section 15–12–803(1), 6B C.R.S. (1987), provides in pertinent part:

All claims against a decedent's estate which arose before the death of the decedent ... are

## II.

### A.

In 1974, the General Assembly adopted the Colorado Probate Code, which is based on the Uniform Probate Code. The policies underlying the Colorado Probate Code include the simplification and clarification of probate law; the speedy and efficient settlement of estates and their distribution to successors; and the uniformity of probate law among jurisdictions. *See* § 15–10–102, 6B C.R.S. (1987).

■ Under the Colorado Probate Code, creditors must properly present all claims against an estate or their claims are barred. Section 15–12–803, the nonclaim statute,[3] sets forth the deadlines for the presentation of claims. If a creditor seeks to file a contingent claim, meaning a claim that arose before the death of the decedent, then the creditor must present the claim by the deadline in the notice published by the personal representative. *See* § 15–12–803(1)(a).[4] For liquidated claims arising at or after the death of the decedent, presentation must occur within four months after the claim arises. *See* § 15–12–803(2)(b).[5]

Creditors may present their claims in one of three ways as described in section 15–12–804, 6B C.R.S. (1987). First, under subsection (1),[6] a claimant may deliver or mail to

barred against the estate ... unless presented as follows:
(a) Within the time set in the notice to creditors if such notice is given....
If the personal representative does not publish a notice to creditors, the deadline is one year after the decedent's death. *See* § 15–12–803(1)(b), 6B C.R.S. (1987).

**5.** Section 15–12–803(2), 6B C.R.S. (1987), provides in pertinent part:

All claims against a decedent's estate which arise at or after the death of the decedent ... are barred against the estate ... unless presented as follows:
(a) A claim based on a contract with the personal representative, within four months after performance by the personal representative is due;
(b) Any other claim, within four months after it arises.

**6.** Section 15–12–804(1), 6B C.R.S. (1987), provides in pertinent part:

A claimant against a decedent's estate may deliver or mail to the personal representative a

the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed. Second, subsection (1) allows the claimant to file a written statement of the claim with the clerk of the court. Third, under subsection (2),[7] the claimant may commence a court proceeding against the personal representative to obtain payment of his claim against the estate. Subsection (2) explains that claimants who proceed under the third option must file contingent claims in the court that appointed the personal representative, and liquidated claims in any court where the personal representative may be subject to jurisdiction. Subsection (2) continues with the statutory sentence upon which this case turns: "The commencement of any proceeding on any claim, however, must occur within the time limited for presenting the claim."

The Colorado Probate Code further provides that upon the timely and proper presentation of a claim under sections 15–12–803 and 15–12–804, the personal representative may allow the claim and pay the claimant, or disallow the claim and refuse payment. *See* § 15–12–806(1).[8] If the personal representative fails to mail a notice of action on the claim to the claimant within sixty days after the deadline for the presentation of claims under section 15–12–803, the claim is "deemed allowed" under section 15–12–806(1). When a personal representative disallows a claim, the claimant may file a petition for allowance in court, or commence a proceeding against the personal representative, within sixty days after the mailing of the notice of disallowance. *See* § 15–12–806(1).

### B.

■ With this background, we now address the son's argument that the court of appeals erred by holding that a petition to allow a claim is governed by the time limits of section 15–12–806(1), and not the time limits for the presentation of claims set forth in the nonclaim statute, section 15–12–803.

The son's argument is predicated upon one sentence of section 15–12–804(2): "The commencement of any proceeding on any claim, however, must occur within the time limited for presenting the claim." This sentence, if read in isolation, contains no limitations on its applicability and might arguably apply to

---

written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or may file a written statement of the claim, in the form prescribed by rule, with the clerk of court. The claim is deemed presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim with the court.

7. Section 15–12–804(2), 6B C.R.S. (1987), provides in pertinent part:

A claimant having a claim described in section 15–12–803(1) may commence a proceeding against the personal representative in the court where the personal representative was appointed to obtain payment of his claim. A claimant having a claim described in section 15–12–803(2) may commence a proceeding against the personal representative in any court where the personal representative may be subjected to jurisdiction under the rules of civil procedure or statutes of this state to obtain payment of his claim against the estate. The commencement of any proceeding on any claim, however, must occur within the time limited for presenting the claim.

The General Assembly subsequently amended this statute. *See infra* note 10.

8. Section 15–12–806(1), 6B C.R.S. (1987), provides as follows:

**Allowance of claims.** (1) As to claims presented in the manner described in section 15–12–804 within the time limit prescribed in section 15–12–803, the personal representative may mail a notice to any claimant stating that the claim has been disallowed. If the personal representative fails to mail notice to a claimant of action on his claim within sixty days after the time for original presentation of the claim has expired, the claim shall be deemed to be allowed. After any claim has been allowed or disallowed, the personal representative may change the allowance or disallowance by notice to the claimant; however, the personal representative may not change a disallowance of a claim after the time for the claimant to file a petition for allowance or to commence a proceeding on the claim has run and the claim has been barred. Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative *not later than sixty days after the mailing of the notice of disallowance* or partial allowance if the notice warns the claimant of the impending bar. (Emphasis added.)

a petition to allow a claim because such a petition is a proceeding commenced upon a claim. *See Estate of Kite,* 857 P.2d at 434–35; *Wishbone,* 829 P.2d at 434.

■ However, we must construe the statute as a whole, giving consistent, harmonious, and sensible effect to all of its parts. *See Farmers Group, Inc. v. Williams,* 805 P.2d 419, 422 (Colo.1991). The sentence at issue appears in the middle of section 15–12–804, which is entitled, "Manner of presentation of claims." Section 15–12–804, then, is identified as the section that governs the presentation of claims. The language of the statute describes in detail the procedure to be followed for the presentation of claims. Subsection (1) concerns informal presentation of claims, and subsection (2) discusses a more formal presentation through the initiation of a civil suit against the personal representative.

The key sentence appears in the middle of subsection (2). Subsection (2) contains no explicit reference to allowance of claims or to any proceedings other than presentment of claims as discussed. Subsection (2) describes two types of civil suits: the commencement of a proceeding on a contingent claim and the commencement of a proceeding on a liquidated claim. Immediately following this statutory explanation is the sentence central to this case: "The commencement of any proceeding on any claim, however, must occur within the time limited for presenting the claim."

The most sensible interpretation of the phrase, "proceeding on any claim" in this sentence is that it refers back to civil lawsuits brought against the personal representative for contingent or liquidated claims as described in section 15–12–804(2). Any such civil suit must be commenced within the deadlines for presentation of claims mandated by section 15–12–803. We agree with the observation of the court of appeals that this time limitation serves to place creditors who choose to present their claims through the commencement of a civil action on an equal footing with creditors who elect to present their claims by filing a statement with the personal representative or with the clerk of court in accordance with section 15–12–804(1). *See Estate of Hall,* 936 P.2d at 596.

Giving consideration to the title of section 15–12–804, the two sentences immediately preceding the sentence containing the time limit requirement, the absence of any reference to allowance of claims in either subsection (1) or (2), and the existence of a separate provision, section 15–12–806, governing the filing and deadlines for the allowance of claims, we are persuaded that the time limit contained in section 15–12–804(2) does not govern the filing of a petition to allow a claim under section 15–12–806(1). Hence, we hold that the plain language of section 15–12–804(2) limits the applicability of this clause to the proceedings described in subsection (2).

This interpretation of section 15–12–804(2) is consistent with the Colorado Probate Code's underlying purpose to promote uniformity in the administration of estates among different jurisdictions. *See* § 15–10–102(2)(e); *see generally* Unif. Probate Code § 3–804(2) (amended 1993), 8 U.L.A. 361 (Supp.1997).[9] No other jurisdiction requires claimants to file petitions for allowance of claims within the time limit for presenting a claim.

Moreover, the son's statutory arguments lead to absurd results by effectively nullifying various statutory procedures set forth in the Colorado Probate Code. *See Regional Transp. Dist. v. Lopez,* 916 P.2d 1187, 1192 (Colo.1996) (holding that statutory constructions that lead to absurd results are to be avoided). As the court of appeals accurately noted, the statutory interpretation proposed by the son renders meaningless the provision of section 15–12–806(1) which operates to deem claims allowed, because claims would never reach the point of being deemed al-

9. The comment to part 8 of the Uniform Probate Code provides:

The need for uniformity of law regarding creditors' claims against estates is especially strong. Commercial and consumer credit depends upon efficient collection procedures. The cost of credit is pushed up by the cost of credit life insurance which becomes a practical necessity for lenders unwilling to bear the expense of understanding or using the cumbersome and provincial collection procedures found in 50 codes of probate.

lowed if claimants must file petitions for allowance before the personal representative acts to deny their claims. The provision allowing claimants to file petitions for allowance of claims sixty days after disallowance would also be meaningless, since in some instances the sixty-day period will not begin until after the deadline for presentation of claims has passed. In addition, claimants who proceed under the simplified procedures described under section 15–12–804(1) to avoid the option of suing the estate would be forced to initiate allowance proceedings whenever the personal representative fails to respond by the deadline for presentation of claims. This process would require more hearings and more discovery than intended by the Colorado Probate Code and would contravene the purpose of "promot[ing] a speedy and efficient system for settling the estate of the decedent and making distribution to his successors." § 15–10–102(2)(c), 6B C.R.S. (1987).

As additional support for his position, the son argues that the court of appeals erred by interpreting the 1996 amendment to section 15–12–804(2) as a clarification rather than a change in the law.[10] A legislative amendment may be construed as a clarification rather than a change in the law when the legislative history or the language of a statute clearly indicates an intent to clarify. *See Swieckowski v. City of Fort Collins,* 934 P.2d 1380, 1385 (Colo.1997). The son argues that the legislative history of the amendment to section 15–12–804(2) is ambiguous because it refers to the statute as both a "clarification" and a "change." While the legislative history does contain references using both of these terms, the amendment was repeatedly identified as a "clarification." The discussions at the committee hearings also indicate that the amendment was a direct response to the *Estate of Kite* decision, and that the General Assembly in passing the Uniform Probate Code in Colorado intended to promote uniformity among jurisdictions.[11] In

---

10. This amendment passed during the interim between oral arguments and the publication of the decision of the court of appeals. The amendment made the following changes:

> A claimant having a claim described in section 15–12–803(1) may ~~commence~~ PRESENT A CLAIM BY COMMENCING a proceeding against the personal representative in the court where the personal representative was appointed to obtain payment of his OR HER claim. A claimant having a claim described in section 15–12–803(2) may ~~commence~~ PRESENT A CLAIM BY COMMENCING a proceeding against the personal representative in any court where the personal representative may be subjected to jurisdiction.... IN ORDER TO CONSTITUTE A TIMELY PRESENTATION OF A CLAIM, the commencement of any proceeding ~~on any claim, however,~~ UNDER THIS SUBSECTION (2) must occur within the time limited for presenting the claim. TIME LIMITS ON PROCEEDINGS TO ENFORCE TIMELY PRESENTED CLAIMS ARE DETERMINED BY SECTION 15–12–806(1) AND NOT BY THIS SUBSECTION (2).

Act of May 2, 1996, ch. 139, 1996 Colo.Sess. Laws 652, 660–61.

11. We note the remarks offered at the hearings on the 1996 amendments:

> Section 13 is 15–12–804. There was a case in the Colorado Court of Appeals a few years ago, the *Kite* case, in which our court interpreted the statute differently than other states that have the Uniform Probate Code, and this statute clarifies that when a claim must be pre-

> sented and after it's been disallowed, when they have to file their petition for allowance. And so it will in fact change the ruling of that case, and so we will again be uniform with the other states that have the Uniform Probate Code in that respect.

*Hearing on H.B. 96–1342 Before the House Committee on Judiciary,* 60th Gen. Assembly, 2d Reg. Sess. (1996) (testimony of Laurie Hunter of the Statutory Revision Committee of the Probate and Trust Law Section of the Colorado Bar Association). We also note the following exchange that occurred in the Senate:

> Senator Perlmutter: You're talking about the Uniform Code in this area, and I'm curious if we make these changes we stray from the Uniform Laws which we originally had enacted and have been in practice in other states. Laurie Hunter: No, in fact some of the changes, and if you'd like, I can point out where those are, bring us back into uniformity. For example, the change that is made in 15–12–804, on page 22, [Manner of] presentation of claims. This section clarifies how and when a claim must be presented. And it's in response, in fact, to a court of appeals case, that was the *Kite* case, that was decided several years ago, and in that case the court of appeals interpreted the uniform claim statute that we have here in Colorado differently from the other uniform states. And we had some conversations with the joint editorial board after that case.... And they said you're the only state that has interpreted it this way.... [In *Kite*,] our court of appeals had interpreted our statute with the words "commencing a pro-

our view, the legislature perceived the *Estate of Kite* decision as inconsistent with the plain language of the statute and sought to clarify that the law was intended, at all times, to conform to the Uniform Probate Code as closely as possible. Accordingly, the court of appeals correctly concluded that the 1996 amendment to section 15–12–804(2) was a clarification of existing law and not a change.

The son correctly asserts that the court of appeals' opinions in *Estate of Kite* and *Wishbone* support his position. Hence, we overrule the holdings of *Estate of Kite* and *Wishbone.*

In summary, all claimants, as a threshold matter, must comply with the deadlines in the nonclaim statute, section 15–12–803. We hold that upon the disallowance of a timely presented claim, the deadline for the claimant to file a petition for allowance is governed by the time limits in section 15–12–806(1), sixty days from the mailing by the personal representative of the notice of disallowance of the claim, and not by the time limits contained in section 15–12–803. Accordingly, the daughter's petition to allow her claims is not time-barred.

### III.

We affirm the holding of the court of appeals. We return this case to the court of appeals with directions to remand to the district court with instructions that it reopen the estate to determine whether the son disallowed the daughter's claims before closing the estate, or whether the daughter's claims were deemed allowed by operation of law pursuant to section 15–12–806. The district court shall conduct such further proceedings as it deems necessary to resolve the claims against the estate.

ceeding" differently than any other Uniform Probate Code state. And so, this clarifies how a claim must be presented. And it actually would reverse that decision, so that we would be back in uniformity with the other Uniform Probate Code states.

*Hearings on H.B. 96–1342 Before the Senate Committee on Judiciary,* 60th Gen. Assembly, 2d Reg. Sess. (1996).