615 N.E.2d 357 (1993)
245 Ill. App.3d 736
185 Ill.Dec. 798
In re ESTATE OF Harold J. KNOTT, Deceased (Carolyn Knott, Petitioner,
v.
Jo Ann Miles, Independent Administrator, Respondent-Appellee (Mildred Smoot, d/b/a Smoot Oil Company, Appellant)).
No. 5-92-0169.
Appellate Court of Illinois, Fifth District.
June 2, 1993.
*358 Sara Nierste, Ronald E. Osman & Associates, Ltd., Dongola, for appellant.
Charles Cavaness, Law Office of Charles C. Hines, Carbondale, for appellee.
Justice WILLIAM A. LEWIS delivered the opinion of the court:
This case involves the administration of the estate of Harold J. Knott, deceased. The appeal was brought by Mildred Smoot d/b/a Smoot Oil Company (Smoot), contesting the trial court's order allowing the payment of attorney fees and real estate taxes as administrative expenses, thereby reducing the amount remaining in Knott's estate left to satisfy Smoot's claim against the estate. We affirm for the reasons set forth below.
The pertinent facts of this case are as follows: Harold Knott (decedent) died intestate in Arkansas on July 30, 1987, and, on February 3, 1988, the court appointed Jo Ann Miles as independent administrator of decedent's Illinois estate and directed letters of office to issue. Subsequently, Miles filed an inventory of the estate in which she listed the value of the decedent's personal estate as approximately $2,500, the value of the annual income from real estate as approximately $600, and the approximate value of the real estate as $19,000. Three claims were filed against the estate: (1) a claim filed on February 16, 1988, by Smoot for fuel oil provided on open account in 1977 and 1978 to the decedent when he was doing business as H & K Trucking Service, in the amount of $19,740.95 plus $8,548.20 in interest, (2) a claim filed on March 10, 1988, by Carolyn Knott (Knott), the decedent's widow, for funeral expenses for the decedent, in the amount of $3,700, and (3) a claim filed on February 28, 1991, by Knott for funds advanced for attorney fees to attorney Charles Hines in defense of a lawsuit involving decedent and Smoot (Union Co. No. 85-L-19), in the amount of $2,410.17.
Miles filed an answer to Smoot's estate claim on February 26, 1988, in which she denied the indebtedness to Smoot. Also on that date, Miles filed a motion asking that any resolution regarding Smoot's estate claim be continued generally as the estate claim was the subject of litigation in Union County (No. 85-L-19) and was still pending. The court granted Miles' motion to continue the consideration of Smoot's estate claim. Ultimately, Smoot's claim was allowed in the amount of $19,803.95, pursuant to an opinion entered by this court. See Smoot v. Knott (1990), 200 Ill.App.3d 1082, 146 Ill.Dec. 831, 558 N.E.2d 794.
Knott's estate claim for funeral expenses was allowed by the court in a docket sheet order on April 7, 1988, and this estate claim is not contested by Smoot or part of this appeal.
On September 5, 1991, Smoot objected to Knott's estate claim for $2,410.17 ($1,500 paid on June 17, 1988, and $900 paid on April 4, 1989) for reimbursement of attorney fees paid to Charles Hines. Smoot contended that the claim was filed beyond the six-month statute of limitations for estate claims and was not an administrative expense and, therefore, the estate claim was barred. No hearing was conducted on Knott's estate claim at that time.
During the pendency of the probate proceedings, various other pleadings were presented and ruled upon by the court. One such pleading was a petition for sale of the *359 real estate. The court allowed Miles to sell the real estate for $17,400 and approved the sale in an order entered on October 28, 1991. Whenever a petition was presented to the court, the law firm of Medlin & Medlin represented the administrator. Charles Hines represented the administrator only in the Union County litigation.
Subsequently, on December 5, 1991, the date set for hearing on Knott's estate claim and Smoot's objections to the claim, Miles filed a motion for payment of expenses, in which she sought court approval of administrative expenses, both paid and unpaid by the estate. In this motion, Miles listed as an expense already paid and reimbursed by the estate the real estate taxes for 1986 and 1988, paid by Knott, in the amount of $319.14. Also in this motion, Knott's prior estate claim for attorney fees totalling $2,410, which she had advanced for the Union County lawsuit involving Smoot and Knott, was listed as an administrative expense that had been paid but not reimbursed by the administrator. The court conducted a hearing on Miles' motion on December 5, 1991, instead of a hearing on Knott's estate claim. At this hearing, Smoot contested the motion for payment of expenses and objected to the attorney fees paid to Hines by Knott and to the real estate taxes for 1986 and 1988 paid by Knott. The court entered a written order on February 11, 1992, in which the court allowed reimbursement to Knott for the payment of Hines' attorney fees and the real estate taxes for 1986 and 1988 as administrative expenses. This appeal followed.
On appeal, Smoot sets forth her contentions in three main issues; however, the essence of the appeal is whether the court erred in allowing the administrator to reimburse Knott for payment of Hines' attorney fees and payment of the 1986 and 1988 real estate taxes as administrative expenses. Smoot contends that the allowance of the attorney fees was erroneous because Knott had first filed for reimbursement of this expense as an estate claim, and that Miles' subsequent filing of this claim as an administrative expense was an attempt to circumvent Knott's failure to bring this estate claim within the six-month statute of limitations. Smoot also contends in this argument that Hines was not entitled to the attorney fees because he was not the attorney for the estate. In addition, Smoot contends the payment of the attorney fees and the real estate taxes were not properly administrative expenses because they were paid by someone other than the administrator, i.e., Knott. Smoot's last issue raised is that the court erred in finding the estate liable for debts incurred by a third party without the court's approval.
We first address Smoot's issue that the court's allowance of Hines' attorney fees as an administrative expense was erroneous as it was a circumvention of the six-month statute of limitations. As Smoot correctly states, an estate claim filed more than six months beyond the issuance of the administrator's letters of office is barred by statute and cannot be paid from the estate. (Ill.Rev.Stat.1991, ch. 110½, par. 18-12; In re Estate of Hoheiser (1981), 97 Ill.App.3d 1077, 53 Ill.Dec. 612, 424 N.E.2d 25.) Thus, if Knott's payment of Hines' attorney fees was an estate claim, it should have been barred from payment because it was filed more than six months after letters of office issued to Miles. Our analysis does not end here, however, for we must consider whether the allowance of payment for Hines' attorney fees was an administrative expense. If so, the statute provides that administrative expenses are not subject to the six-month statute of limitations and payment of these expenses was proper. Ill.Rev.Stat.1991, ch. 110½, par. 18-12.
Smoot argues that Hines' attorney fees were not an administrative expense because the litigation in which he represented Knott did not benefit or involve the estate, and because Hines was not the attorney for the estate, Medlin was. We disagree.
Authorization for the payment of attorney fees is established in section 27-2 of the Probate Act, which provides that an attorney for a representative is entitled to reasonable fees. (Ill.Rev.Stat.1991, ch. 110½, par. 27-2.) The need for attorney *360 fees and the amount of the fees are decisions which rest in the sound discretion of the trial court. (Stuart v. Continental Illinois National Bank & Trust Co. (1977), 68 Ill.2d 502, 12 Ill.Dec. 248, 369 N.E.2d 1262.) Here, attorney Hines was hired by the administrator to represent her in litigation that was commenced when the decedent was alive and still pending when he died. In our previous decision in that litigation, it was stated: "Upon Knott's death, representatives of his estate were substituted as party-defendant in this cause of action * * *." (Smoot v. Knott (1990), 200 Ill.App.3d 1082, 1084, 146 Ill. Dec. 831, 832, 558 N.E.2d 794, 795.) It belies common sense to conclude that the administrator cannot charge the attorney fees for this litigation to the estate as an administrative expense when it was due to Smoot that the administrator was brought into the litigation. Further, the estate was responsible for the expense of this litigation since the action was commenced before the decedent's death and was his obligation, not one contracted for by the administrator. Additionally, had the administrator not defended the action, she would have been derelict in her duty to protect the assets of the estate, as Smoot would have become a judgment creditor by default and without challenge to her entitlement to this status. We also note that the administrator was successful in defeating the $8485.20 in interest included in the claim filed by Smoot. As it was, Smoot's status as a judgment creditor was somewhat fortuitous. See Smoot v. Knott (1990), 200 Ill.App.3d 1082, 146 Ill.Dec. 831, 558 N.E.2d 794.
We also find that it is illogical to conclude that an administrator can have only one attorney to represent the estate. In this day and age of specialization, a probate attorney may not have the necessary skills or knowledge when the estate is involved in a lawsuit involving personal injury or other matters unrelated to probate. Thus, to restrict an administrator to proceeding with only a single attorney, no matter what circumstance arises, may be detrimental to the estate, and the statute does not compel such an interpretation. In fact, attorney fees have been authorized as an estate expense in cases where the attorney represented someone other than an administrator, such as where the attorney represented the next of kin or a descendent. (See In re Estate of Roselli (1979), 70 Ill.App.3d 116, 26 Ill.Dec. 463, 388 N.E.2d 87.) We do not find that the court abused its discretion in allowing Hines' attorney fees as an administrative expense.
Smoot next contends that Hines' attorney fees and the real estate taxes paid in 1986 and 1988, on the only piece of real estate possessed by the estate, should not have been paid as an administrative expense, because these payments were made by Knott and not the administrator. Smoot does not appear to take issue with the payment of real estate taxes as an administrative expense, but only with the manner in which they were paid. We find this argument unpersuasive.
It should be noted that Miles was appointed by the court as an independent administrator. The statute provides that as an independent administrator the representative is allowed to administer the estate without court order or filings. (Ill. Rev.Stat.1991, ch. 110½, par. 28-1.) The only exception to an independent administrator acting without court supervision is where an interested person petitions the court for a hearing and an order on a matter germane to the administration of the estate or where the administrator herself petitions the court for instructions with respect to a given matter. (Ill.Rev. Stat.1991, ch. 110½, par. 28-5.) When either of these events takes place, then the court supervises the particular matter presented by the petition; however, it does not take away any other discretionary powers of the independent administrator. Further, the administrative powers of an independent administrator are enumerated in the statute, and these administrative powers include the ability to borrow money and to pay real estate taxes on a decedent's real estate, whether the administrator possesses the real estate or not. (Ill.Rev.Stat. 1991, ch. 110½, par. 28-8(b), (i).) Thus, an administrator need not obtain court approval *361 to do either of those two actions unless one of the two previously mentioned statutory exceptions existed.
Here, in essence, Knott loaned Miles the money to pay the attorney fees and the real estate taxes, which was understandable given the dearth of liquid personal property assets. Under the statutory administrative powers, Miles was allowed to borrow this money without court approval. At the time that the attorney fees and the real estate taxes were paid, there was no petition presented by Smoot to submit the matter to court supervision, and Miles had not presented a petition to the court to borrow the money, and thus, no court approval was needed. Thus, Miles' actions in borrowing the money from the decedent's widow, without interest, was proper. We do not find that payment of the attorney fees or the real estate taxes by Knott, rather than by Miles, is a fact which would disallow these payments as administrative expenses, but instead we view the payments as a loan. The court likewise did not abuse its discretion in allowing these as administrative expenses on that basis.
Lastly, Smoot contends that in order to agree to reimburse Carolyn Knott for the payment of attorney fees and the real estate taxes the administrator would have had to have pledged the real estate. However, a holding of such would require an estate to incur unnecessary costs and expenses in mortgaging the real estate and would complicate the sale of the real estate to pay debts. In light of our holding on the previous issue that Miles was entitled to borrow the money with or without security (Ill.Rev.Stat.1991, ch. 110½, par. 28-8(b)), we find no reason to consider this argument.
For the foregoing reasons, the judgment of the circuit court of Johnson County is affirmed.
Affirmed.
WELCH and RARICK, JJ., concur.