In the Matter of the ESTATE OF
Roland R. KOTOWSKI,
Decedent.

No. A05–230.

Court of Appeals of Minnesota.

Oct. 11, 2005.

Marcy S. Wallace, Cox, Goudy, McNulty & Wallace, P.L.L.P., Minneapolis, MN; and Peter C. Grayson, Sanborn & Grayson, P.A., St. Paul, MN, for appellant Mary Kotowski Becker.

Steven R. Peloquin, Peloquin & Minge, P.A., New York Mills, MN, for respondent John A. Masog.

Considered and decided by HUDSON, Presiding Judge; WRIGHT, Judge; and WORKE, Judge.

## OPINION

WRIGHT, Judge.

Appellant presented claims against the estate of the decedent, seeking (1) compensation for care of the decedent prior to the decedent's death, and (2) attorney fees incurred from a successful petition to remove the personal representative of the estate. Arguing that the claims were not timely, the estate moved for summary judgment, and the district court granted the motion.

Appellant now asserts that her claim for personal services was timely, first, because she did not receive a notice to creditors, and second, because the estate's notice of disallowance did not meet the statutory requirements for such notice. Appellant also asserts that, because her claim for attorney fees is an administrative expense of the estate, it is not subject to the time limits for claims arising after the death of the decedent. Alternatively, appellant contends that, if the claims were untimely, the district court abused its discretion by declining to find good cause to permit the claims. We affirm in part and reverse in part.

## FACTS

This case involves two claims that appellant Mary Becker presented to the estate of her father, Roland Kotowski. After the estate rejected the claims, Becker filed them in district court on March 17, 2004. The estate moved for summary judgment, arguing that the claims were untimely.

The record with respect to each of the claims is as follows.

The first claim arises out of care Becker provided to Kotowski prior to his death on December 11, 2000. After Kotowski's death, the district court issued an order dated April 16, 2001, that included a notice to creditors of the estate. An affidavit, executed and filed that same day, indicates that a copy of the order was mailed to Becker at Post Office Box 62 in Park Rapids.

Becker presented a claim against the estate on September 30, 2001, seeking compensation in the amount of $441,240 for the care that she provided Kotowski prior to his death. In the written statement of this claim, Becker supplied Post Office Box 62 for her address. On October 16, 2001, the personal representative, Jerome Fuller, issued a notice of disallowance by a letter from his counsel. The text of the letter states:

I have received your Written Statement of Claim....

I would direct your attention to Minnesota Statutes 524.3–803 with respect to limitations on the presentation of claims. The statute specifically states that claims against the estate are barred unless the creditor within four months after the date of the Court Administrator's Notice to Creditors as published files a claim against the decedent's estate.

The Notice ... was executed on April 16, 2001 and published April 21.... Accordingly, the last day to file a claim in the estate would have been four months from the first publication, or August 21, 2001.

Because Ms. Kotowski Becker's claim falls outside the notice provisions, it is denied.

In speaking with the personal representative ... the claim would also be denied on factual bases, not just the failure to timely file.

An affidavit indicates that a copy of this letter was mailed the next day to Becker at Post Office Box 62. Becker did not take further action until she presented a substantially identical claim to the estate on October 10, 2003. Becker filed this claim in the district court on March 17, 2004.

In opposing summary judgment on her claim for personal services to Kotowski, Becker consistently asserted that she did not receive the April 16 order and notice to creditors. Becker also contested the adequacy of the October 16 notice of disallowance.

The district court entered summary judgment for the estate. In its accompanying memorandum, the district court did not address whether Becker received the April 16 order giving notice to creditors. Instead, it concluded that the October 16 letter was a valid notice of disallowance and that Becker did not timely petition the district court to contest the disallowance.

Becker's other claim arose out of her successful action to remove the personal representative for the estate. Fuller was appointed personal representative on March 22, 2001. Based on Becker's allegations that Fuller had breached his fiduciary duty to the estate, the district court ordered Fuller removed as the personal representative on August 19, 2002.

On October 10, 2003, Becker presented a claim against the estate, seeking attorney fees of $23,500 incurred pursuing the removal of Fuller. When no action was taken on the claim, Becker petitioned the district court on March 17, 2004, for allowance of the claim, alleging that the estate "indicated an intent to deny the claim[ ]." The estate did not issue a notice of disallowance for this claim. The district court

also granted summary judgment in favor of the estate, holding that the claim for attorney fees was untimely. This appeal followed.

### ISSUES

I.  Was Becker's claim for personal services arising prior to the death of the decedent timely presented?

II.  Was the notice of disallowance of the claim for personal services adequate?

III.  Was Becker's claim for attorney fees timely presented?

IV.  Did the district court abuse its discretion when it denied the filing of an untimely claim for attorney fees?

### ANALYSIS

Becker challenges the decision of the district court to grant summary judgment in favor of the estate, thereby disallowing her claims. Whether summary judgment was properly granted is a question of law, which we review de novo. *Prior Lake Am. v. Mader*, 642 N.W.2d 729, 735 (Minn. 2002). In doing so, we consider whether any genuine issues of material fact exist and whether the district court erred in its application of law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). We view the evidence in the light most favorable to the party against whom summary judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

### I.

Becker asserts that due process requires the district court to accept as timely her claim for personal services to Kotowski arising prior to his death because she did not receive the April 16 order giving notice to creditors. Our analysis of this issue is governed by relevant sections from Minnesota's version of the Uniform Probate Code (UPC). We interpret its provisions liberally, in a manner that clarifies the resolution of estates and promotes their speedy distribution. Minn.Stat. § 524.1–102 (2004). Because uniform laws are intended to encourage common interpretation among jurisdictions, caselaw from other UPC jurisdictions[1] has substantial persuasive value here. Minn.Stat. § 645.22 (2004); *Johnson v. Murray*, 648 N.W.2d 664, 670 (Minn.2002).

When a claim arises prior to the death of the decedent, the period for presentation of the claim is governed by Minn.Stat. § 524.3–803(a) (2004), which provides in relevant part:

> (a) All claims ... against a decedent's estate which arose before the death of the decedent ... are barred against the estate ... unless presented as follows:
> ...
> (2) in the case of a creditor who was served with notice under section 524.3–801, paragraph (c), within the later to expire of four months after the date of the first publication of notice to creditors or one month after the service;
> (3) within ... one year after the decedent's death ... whether or not notice to creditors has been published or served under section 524.3–801....

The calculation of the applicable time frame for presenting a claim depends on whether Becker was served with the notice to creditors. If there was proper and effective service of the notice, under clause (2), Becker would be required to present her claim within four months after publica-

---

1. The other jurisdictions that have adopted the UPC are Alaska, Arizona, Colorado, Hawaii, Idaho, Maine, Michigan, Montana, Nebraska, New Jersey, New Mexico, North Dakota, Pennsylvania, South Carolina, South Dakota, Utah, and Wisconsin.

tion of the notice to creditors. Minn.Stat. § 524.3–803(a)(2). Because the notice was published on April 21, 2001, the deadline for presentation of the claim under Minn. Stat. § 524.3–803(a)(2) would fall on August 21, 2001, for those who were properly served. Under such circumstances, presentation of the claim on September 30, 2001, would be untimely, and the claim would be barred. *See In re Estate of Kuckenbecker,* 383 N.W.2d 11, 12–13 (Minn.App.1986) (holding that claim is barred when not filed within statutory period). If service of the notice were not properly effected, under clause (3), Becker would be required to present her claim within one year after the decedent's death. Minn.Stat. § 524.3–803(a)(3). Because Kotowski died on December 11, 2000, a claim presented on September 30, 2001, would be timely. *See Russo v. Sunrise Healthcare Corp. (In re Estate of Russo),* 994 P.2d 491, 495 (Colo.Ct.App.1999) (under Colorado version of UPC § 3–803 substantially identical with Minn.Stat. § 524.3–803, holding that failed notice activated residuary deadline); *see also Nat'l Bank of Commerce Trust & Sav. Assn. v. Otto (In re Estate of Emery),* 258 Neb.789, 606 N.W.2d 750, 755–56 (2000) (reaching similar conclusion under Nebraska variant of UPC § 3–803); *In re Estate of Anderson,* 821 P.2d 1169, 1172 (Utah 1991) (reaching similar conclusion under Utah variant of UPC § 3–803).

■ Thus, we must determine whether the mailing of the April 16 order constitutes effective service. A personal representative may accomplish service "either by delivery of a copy of the required notice to the creditor, or by mailing a copy of the notice to the creditor by certified, registered, or ordinary first class mail[.]" Minn.Stat. § 524.3–801(c) (2004). The Minnesota Supreme Court recently recited the law governing service by mail in *Eis-*

*chen Cabinet Co. v. Hildebrandt,* 683 N.W.2d 813 (Minn.2004). The case involved a statute that required a lien to be "served personally or by certified mail on the owner." *Id.* at 815–16. The court stated that, when a statute provides for service by regular mail, service is not effective unless the mailing is actually received; but when a statute expressly indicates service by certified or registered mail, service is effective on mailing. *Id.* at 818 (citing 66 C.J.S. *Notice* § 30(a) (1998)). Other Minnesota caselaw addressing service by regular mail supports the proposition that such service is not effective unless there is actual receipt. *Cf. Roehrdanz v. Brill,* 682 N.W.2d 626, 632 (Minn.2004) (holding that when rule directed service "by first class mail" and district court found actual receipt, service was effective); *State v. Pierce,* 257 Minn. 114, 115–16, 100 N.W.2d 137, 138 (1959) ("[W]e have long held that, where service is made by mail and actually reaches the party to be served within the required time, it is equivalent to personal service."). An affidavit of mailing will raise a presumption of receipt but may be overcome by reasonable evidence demonstrating no actual receipt. *Thomas v. Fey,* 405 N.W.2d 450, 454 (Minn.App.1987); *City of Chisago City v. Poulter,* 342 N.W.2d 167, 169 (Minn.App.1984).

■ Here, the estate offers an affidavit to establish that the notice to creditors was sent to Becker by regular mail. In two affidavits, Becker denies actual receipt of the notice to creditors. On review of summary judgment, we are required to view the evidence in the light most favorable to the nonmoving party, in this case Becker. Neither the estate nor Becker contends that a genuine issue of material fact exists as to whether Becker received the notice. Thus, assuming that Becker did not receive the notice to creditors despite its deposit in the mail, service of the notice

was ineffective. As such, Becker timely presented her claim within one year after the decedent's death. *See* Minn.Stat. § 524.3–803(a). Summary judgment, therefore, is not justified on this basis.

■ The estate counters that, because Becker was participating in proceedings against the estate prior to April 16, she had actual notice of the notice to creditors. Knowledge of an estate, or of a proceeding in probate, does not supply notice to creditors under the UPC. *Armstrong v. Armstrong,* 130 F.R.D. 449, 453 (D.Colo.1990); *Nat'l Bank of Commerce,* 606 N.W.2d at 756. Nor will participation in a proceeding necessarily establish this notice as a matter of law. *See Schwartz v. First Tr. Co. of St. Paul,* 236 Minn. 165, 171, 52 N.W.2d 290, 295 (1952) (holding that when heirs to estate participated in receivership proceeding, delivery of district court order by mail did not by itself establish actual notice). The estate essentially proposes a form of inquiry notice for some creditors who are entitled to more than notice by publication under section 524.3–803(a)(1). We reject such a rule because it would undermine the certainty and efficiency of notice under the UPC. *See* Minn.Stat. § 524.3–801 (2004). Based on the foregoing reasoning, Becker's claim for personal services arising before the death of Kotowski was not time-barred.

## II.

■ Becker next challenges the conclusion of the district court that she did not timely file a petition contesting the notice of disallowance. Because the notice of disallowance did not warn of the time frame in which she could contest the disallowance, Becker argues that the notice is defective and that she may proceed with an untimely petition for allowance of a disallowed claim.

■ Section 524.3–806 governs disallowance of a claim and provides in relevant part:

[T]he personal representative may mail a notice to any claimant stating that the claim has been disallowed.... Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than two months after the mailing of disallowance or partial allowance if the notice warns the claimant of the impending bar. Failure of the personal representative to mail notice to a claimant of action on the claim ... has the effect of a notice of allowance....

Minn.Stat. § 524.3–806(a) (2004). When a notice of disallowance is untimely, or when it fails to clearly and unequivocally indicate disallowance, the notice is ineffective and the claim against the estate is allowed. *Peterson v. Marston,* 362 N.W.2d 309, 314 (Minn.1985); *Law Office of William F. Brattain II v. Anderson (In re Estate of Evans),* 901 P.2d 1138, 1141–42 (Alaska 1995).

Few reported cases have considered the effect of failing to disclose the "impending bar" for a petition contesting a disallowed claim. In *Wishbone, Inc. v. Eppinger,* the Colorado Court of Appeals construed language identical with Minn.Stat. § 524.3–806(a) and stated:

[T]he mandatory warning invokes the 60–day time bar only, and failure to give such notice affects only that time bar. Since it cannot be said here that the failure to warn of the 60–day time bar defeated the substance or intended effect of the notice of disallowance, failure of [the estate] to comply strictly with this notice requirement only relieves [claimants] of the requirement to file

their claim seeking allowance within 60 days.

829 P.2d 434, 437 (Colo.Ct.App.1991) (citation omitted), *overruled on other grounds by Hall v. Hartley (In re Estate of Hall),* 948 P.2d 539 (Colo.1997).[2] Considering a provision adapted from UPC § 3–806, the Massachusetts Supreme Court reached a similar conclusion in *Telesetsky v. Wight* and held:

> The fact that the administrators gave a defective notice of disallowance does not necessarily lead to the result ... [that the] claim is automatically allowed. A procedural misstep which has caused no prejudice to the [claimant] should not be the basis of automatic allowance of the ... claim without regard to its merit. It suffices to put the [claimant] in the same position [the claimant] would have been in had the administrators given the required notice[.]

395 Mass. 868, 482 N.E.2d 818, 823 (1985) (citations omitted).

Here, the parties do not contest that the October 16 letter supplies clear and unequivocal notice that the claim was disallowed. The only defect in the notice is the failure to "warn[ ] the claimant of the impending bar." Because Becker was not informed of the time period in which she could file a petition contesting the disallowance, the proper remedy as a matter of law is to exempt Becker from this time period and to permit her to proceed on the late petition. *See Telesetsky,* 482 N.E.2d at 823; *Wishbone, Inc.,* 829 P.2d at 437. Accordingly, we reverse the district court's summary judgment in favor of the estate on the claim for personal services to Kotowski and remand for consideration of the claim on the merits.[3]

### III.

■ Becker next disputes the determination of the district court that her claim for attorney fees was untimely. Because she incurred attorney fees in her successful petition to remove Fuller as personal representative, Becker characterizes her claim as an "expense of administration" that may be presented any time prior to the closing of the estate.

When a claim arises after the death of the decedent, Minn.Stat. § 524.3–803 (2004) governs the period for presentation of the claim. Section 524.3–803 provides in relevant part:

> (b) All claims against a decedent's estate which arise at or after the death of the decedent ... are barred against the estate ... unless presented....

---

**2.** The *Wishbone* court also held that, when a notice of disallowance was inadequate, the claimant was required to contest the notice of disallowance within the time frame for the original submission of a claim. 829 P.2d at 436–37. Determining that this rule improperly conflated the procedures for notice to creditors and notice of disallowance, the Colorado Supreme Court overruled the *Wishbone* court in *Hall,* 948 P.2d at 542–43.

**3.** Because Becker's claim was for personal services to Kotowski, the district court further determined, in its order for summary judgment, that Becker had not properly filed a petition with the district court under Minn. Stat. § 524.3–806 (2004). Section 524.3–806(a) provides that "[a]ny claim in excess of

$3,000 for personal services rendered by an individual to the decedent ... may be allowed only in compliance with subsection (b)." Minn.Stat. § 524.3–806(a). Section 524.3–806(b) then requires a hearing "[u]pon the petition of the personal representative or of a claimant" in which the right to the claim is contested. Minn.Stat. § 524.3–806(b). Neither of these provisions establishes a time frame for filing such a petition or a sanction for its late filing. The absence of a petition for such a hearing, therefore, does not compel summary judgment against Becker's claim as a matter of law. But to perfect her claim, Becker will be required to petition for such a hearing before the district court.

(2) ... within four months after it arises.

(c) Nothing in this section affects or prevents: ...

(4) the presentment and payment at any time before [formal termination of the administration of the estate] of:

(i) any claim arising after the death of the decedent that is referred to in section 524.3–715, clause (18), although the same may be otherwise barred hereunder[.]

Minn.Stat. § 524.3–803. The exception to the four-month time frame for claims arising at or after the decedent's death referred to in section 524.3–803(c)(4)(i) provides:

[A] personal representative, acting reasonably for the benefit of the interested persons, may properly: ...

(18) pay ... without the presentation of a claim, the reasonable and necessary last illness expenses of the decedent[,] ... reasonable funeral expenses, debts and taxes with preference under federal or state law, and other taxes, assessments, compensation of the personal representative and the personal representative's attorney, and all other costs and expenses of administration although the same may be barred under section 524.3–803[.]

Minn.Stat. § 524.3–715(18) (2004). Taken together, these provisions exempt from the timing requirements of Minn.Stat. § 524.3–803(b) claims by a personal representative for expenses arising from administration of the estate.

Minnesota caselaw has not expressly considered what constitutes "expenses of administration" under Minn.Stat. § 524.3–715(18). But we observe that, under the statutory scheme of the UPC, this provision relates exclusively to the powers of the personal representative. When other jurisdictions apply their versions of UPC § 3–715, the cases consistently involve claims by, or in the place of, the personal representative against the estate. *See, e.g., In re Estate of Footer,* 749 A.2d 146, 149–50 (Me.2000) (claim by personal representative for payments on mobile home); *In re Estate of Grillo,* 393 So.2d 578, 579–80 (Fla.Dist.Ct.App.1981) (claim by personal representative for costs in defense of wrongful-death action); *see also Kerrigan & Line v. Foote,* 5 Neb.App. 397, 558 N.W.2d 837, 840 (1997) (holding that attorney who had performed services for personal representative was not bound by timing requirements under Nebraska variant of UPC § 3–803), *aff'd sub nom. Kerrigan & Line v. Lange, (In re Estate of Wagner),* 253 Neb.498, 571 N.W.2d 76 (1997).[4]

We infer further constraints on the scope of Minn.Stat. § 524.3–715(18) from our decision in *Cleys v. Cleys,* 363 N.W.2d 65 (Minn.App.1985). In *Cleys,* we concluded that, when a beneficiary failed to submit a timely claim against the estate for funeral expenses under section 524.3–803(b), the claim was barred. *Id.* at 72. Even though funeral expenses are included under section 524.3–715(18), we evaluated the timeliness of the beneficiary's claim under section 524.3–803(b). *Id.*

**4.** In support of her argument that her attorney fees are expenses of administration, Becker advances cases from non-UPC jurisdictions with different rules on attorney fees. *See In re Estate of Knott,* 245 Ill.App.3d 736, 185 Ill.Dec. 798, 615 N.E.2d 357, 359–60 (1993) (construing expenses of administration to include attorney fees and other expenses inci-

dent to a third party's actions to preserve estate property); *In re Estate of Goldman,* 813 N.E.2d 784, 788 (Ind.Ct.App.2004) (holding that claimant who successfully contested will was entitled to attorney fees). These authorities do not inform our analysis of the UPC here.

Similar reasoning guides our analysis here. The enumeration of a particular type of claim in section 524.3–715(18) does not indicate that any person may advance that type of claim under this provision. *See id.* (evaluating timeliness of claim for funeral expenses, by person other than personal representative, under section 524.3–803(b)). Rather, consistent with other jurisdictions' application of UPC § 3–715(18), we hold that "expenses of administration" under section 524.3–715(18) are limited to claims by or in the place of the personal representative. Because Becker was not acting in this capacity in her petition to remove the personal representative, her attorney fees cannot be characterized as expenses of administration.

The parties do not dispute that Becker's claim for attorney fees arose upon the removal of Fuller as personal representative, which was no later than August 19, 2002. Becker did not present a claim against the estate for these fees until October 10, 2003, well beyond the four-month time period required under Minn.Stat. § 524.3–803(b). The district court correctly concluded that Becker's claim for attorney fees was time-barred. Summary judgment in favor of the estate on this claim, therefore, was properly entered.[5]

## IV.

■ Becker last asserts that the district court abused its discretion by failing to permit, for good cause, the untimely filing of her claims. As to such late claims, Minn.Stat. § 524.3–803(c)(4)(ii) allows the district court to revive them "upon petition of … the claimant for cause shown on notice and hearing as the court may direct." The district court's denial of such a

petition will not be disturbed on appeal absent an abuse of discretion. *In re Estate of Hoppke,* 388 N.W.2d 754, 755 (Minn.App.1986).

■ A petition for a late claim may be granted in cases of "hardship, misunderstanding, and diligent but mistaken procedures" but not in cases of "unexplained and inexcusable lack of diligence." *In re Estate of Thompson,* 484 N.W.2d 258, 261–62 (Minn.App.1992) (citing *In re Estate of Kucera,* 290 Minn. 501, 503–04, 186 N.W.2d 538, 540 (1971)). It is not an abuse of discretion for the district court to reject a petition when the petitioner does not present a significant reason for the delay. *In re Estate of Henry,* 426 N.W.2d 451, 459 (Minn.App.1988).

■ Because we have previously concluded that Becker may proceed with her claim for personal services, we consider only her untimely claim for attorney fees. Becker generally asserts that mismanagement by the estate caused her claim to be untimely. But neither this reason nor the record demonstrates why Becker was misled or mistaken regarding the period in which she could assert her claim for attorney fees. Thus, the district court did not abuse its discretion by denying Becker's petition for allowance of her claim for attorney fees on the ground that it was time-barred.

## DECISION

Assuming here, for purposes of summary judgment, that Becker did not actually receive the notice to creditors, we conclude that service of the notice is ineffective. Thus, Becker had one year from the death of the decedent to submit claims arising prior to the decedent's death. Because her claim for personal services was submitted during this period, it is timely.

---

5. Because we conclude that her claim for attorney fees is untimely, we need not reach the issue of whether Becker advanced a prop-

er basis for recovery of attorney fees from the estate.

The notice of disallowance for this claim failed to disclose the time period during which Becker could contest the disallowance. Therefore, Becker is exempt from this time period and may proceed with her otherwise untimely petition contesting disallowance. The district court erred by entering summary judgment in favor of the estate, disallowing Becker's claim for personal services as time-barred. We, therefore, reverse as to this claim.

The attorney fees incurred by Becker in her successful petition to remove the personal representative are not expenses of administration. Thus, the time period in which Becker could submit her claim for attorney fees, which arose after the death of the decedent, was within four months after the attorney fees arose. Because Becker submitted her claim after this period, her claim for attorney fees is untimely. The district court did not abuse its discretion by denying Becker's petition to permit the late submission of this claim. Summary judgment in favor of the estate on Becker's claim for attorney fees was properly granted, and we affirm as to this claim.

**Affirmed in part and reversed in part.**