SALCINES, Judge.
McLean Boulevard Associates (McLean Boulevard) appeals an order striking a statement of claim it filed in the Estate of George H. Cadgene, deceased. We affirm but write to discuss an issue of first impression in Florida.
McLean Boulevard purchased property in New Jersey from the Cadgene Family Partnership (Partnership) of which George H. Cadgene was the general partner. McLean Boulevard discovered environmental problems with the property and litigation ensued. After procedural maneuvering not relevant to the issues before us, a judgment was entered in favor of McLean Boulevard. The Partnership filed an appeal, and subsequently McLean Boulevard and the Partnership entered into a settlement agreement. In the settlement agreement, the Partnership acknowledged that it and its partners were jointly and severally liable for the cost of the environmental cleanup on the New Jersey property.
Thereafter, in January 2001, George H. Cadgene died, and a petition for the administration of his estate was filed in Pi-nellas County. McLean Boulevard filed a statement of claim in the estate administration proceeding. The format of the statement of claim tracked the form approved by The Florida Bar and attached multiple exhibits. The basis of the claim was George H. Cadgene’s liability under the terms of the settlement agreement. In July 2001, the personal representative of the estate filed an objection to the claim, which stated that the personal representative objected to part of McLean Boulevard’s statement of claim.[1] The objection was served on McLean Boulevard and it contained language informing McLean Boulevard that it was limited to a period of thirty days from the sendee of the objection within which to bring an action on the claim as provided in section 733.705, Florida Statutes (2000). McLean Boulevard never filed an independent or declaratory action on the claim.
In April 2004, the personal representative filed a motion to strike McLean Boulevard’s claim because it had failed to file an independent action on the claim within the thirty-day time limit imposed by section 733.705. In response, New Jersey counsel representing McLean Boulevard filed a letter with the probate court indicating that it opposed the attempt by the personal representative to strike any portion of its claim other than the two paragraphs to which there had been a formal objection. McLean Boulevard’s counsel asserted that since the personal representative had failed to object to the portion of the state *583 ment of claim dealing with George H. Cad-gene’s obligations under the settlement agreement, there was no right to have that portion of the statement of claim stricken. The probate court granted the estate’s motion to strike McLean Boulevard’s claim.
The only requirements for filing an objection to a statement of claim pursuant to the 2000 version of section 733.705(2) were (1) that the personal representative or other interested person must have informed the claimant that it had thirty days from the date of service of the objection within which to file an independent action on the claim and (2) that the objection must have been served upon the claimant. Here, the personal representative met both of the requirements of section 733.705(2). With the exception of a personal representative’s statement of claim,[2] Florida does not utilize the concept of a “partial objection” to a statement of claim. This concept is recognized under the Uniform Probate Code that has been adopted in eighteen states but not in Florida.[3]
The appellate standard of review for an order striking a claim against an estate is whether the probate court abused its discretion. See In re Estate of Ortolano, 766 So.2d 330, 332 (Fla. 4th DCA 2000). Because the personal representative’s objection met the statutory requirements, McLean Boulevard was required to file an independent or declaratory action on the claim within thirty days of service of the objection. McLean Boulevard did not file such an action, and the probate court did not abuse its discretion when it granted the personal representative’s motion to strike the claim.
McLean Boulevard also argued on appeal that the personal representative should be estopped from requesting that its entire claim be stricken because the partial objection lulled it into a false sense of security that only part of the claim would be stricken. In support of its argument, McLean Boulevard cited Kelly Assisted Living Services, Inc. v. Estate of Reuter, 681 So.2d 813, 814-15 (Fla. 3d DCA 1996); In re Kemp’s Estate, 177 So.2d 757, 762 (Fla. 1st DCA 1965); and In re Estate of Matchett, 394 So.2d 437, 439-40 (Fla. 5th DCA 1981). However, the record before this court does not contain a transcript of the hearing on the motion to strike, and there is no transcript of a hearing on the motion for rehearing if such a hearing was in fact conducted. This court cannot reverse the trial court’s ruling based on McLean Boulevard’s assertion that this argument was properly presented to the probate court and supported by sufficient evidence because there is no evidence of record for us to review. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (holding trial court should be affirmed when record brought forward by appellant is inadequate to demonstrate reversible error). Accordingly, the order striking the claim must be affirmed.
Affirmed.
VILLANTI and WALLACE, JJ., Concur.

. The objection stated that the personal representative "hereby objects to the claim of Mc-LEAN BOULEVARD ASSOCIATES filed in this proceeding, as more specifically set forth in Exhibit A.” Attached to the objection was Exhibit A which stated that the
personal representative objects only to the following portions of the claim filed by Mc-LEAN BOULEVARD ASSOCIATES
A. That portion of paragraph 4 of the claim which states "or unliquidated.”
B. That portion of paragraph 5 of the claim which states "and is therefore entitled to a preference over other claims against his estate.”

. See § 733.705(3), Fla. Stat. (2000) (now § 733.705(4), Fla. Stat. (2006)).

. The jurisdictions which have adopted the Uniform Probate Code are Alaska, Arizona, Colorado, Hawaii, Idaho, Maine, Michigan, Minnesota, Montana, Nebraska, New Jersey, New Mexico, North Dakota, Pennsylvania, South Carolina, South Dakota, Utah, and Wisconsin. In re Estate of Kotowski, 704 N.W.2d 522, 526 n. 1 (Minn.App.2005).