Connie BLACKWELL, Appellant

v.

Kenneth BLACKWELL, Executor of
the Estate of Kenneth Blackwell,
Sr., Deceased, Appellee.

No. 2010–CA–001691–DG.

Court of Appeals of Kentucky.

July 13, 2012.

Betty A. Springate, Lawrenceburg, KY, for appellant.

Andrew M. Stephens, Lexington, KY, for appellee.

Before ACREE, Chief Judge;
CAPERTON and VANMETER, Judges.

## OPINION

ACREE, Chief Judge:

The issue before us is whether the Franklin District Court erred in dismissing appellant, Connie Blackwell's, claim against the Estate of Kenneth Blackwell, Sr. (the Estate) on the ground that Connie failed to file suit against the Estate's Executor, appellee Kenneth Blackwell, Jr. (Blackwell), within the sixty-day statute of limitations set forth in Kentucky Revised Statute(s)(KRS) 396.055(1). On appeal, the Franklin Circuit Court affirmed the district court's order. We affirm in part, reverse in part, and remand for additional proceedings consistent with this opinion.

## I. *Facts and Procedure*

The decedent, Kenneth Blackwell, Sr., passed away on April 18, 2008. Shortly after his death, on May 5, 2008, the decedent's will was admitted to probate in the Franklin District Court, and Blackwell was appointed executor of his father's estate.

By letter dated May 7, 2008, Connie, the decedent's former spouse, filed a claim against the decedent's estate.[1] Connie claimed the decedent owed her unpaid maintenance under the terms of an Agreed Final Order and Judgment entered by the Anderson Circuit Court in case number 93–CI–00154, styled *In re: The Marriage of Kenneth E. Blackwell v. Connie J. Blackwell.* Connie filed her claim with the district court and sent a complimentary copy, with a cover letter, directly to the executor, Blackwell.

Thereafter, on June 11, 2008, Andrew M. Stephens, who is both an attorney and the decedent's ex-son-in-law, mailed a letter to Connie. The letter indicated it was regarding "The Estate of Kenneth Blackwell, Sr." and provided, in pertinent part:

The surviving children of the decedent, Kenneth Blackwell, Sr., have contacted me in reference to your letter to the Executor of the Estate.... The children's position is that there is no debt owed to [Connie] ... [and] we believe [Connie's maintenance claim] to be a phantom and non-existent debt.... In your letter you mentioned a Notice of Judgment Lien, which you recorded on May 7, 2008. It is my opinion that you are not entitled to a Judgment Lien, absent a finding by the Anderson Circuit Court that first, a Judgment exists and second, that the Judgment amount, if it exists (which the Estate denies) is in the correct amount. This is an impediment

1. The Franklin District Court found, and the parties do not dispute, that Connie properly and timely filed her claim in accordance with KRS 396.015 and KRS 396.011, respectively.

to the settlement of the Estate and the Estate is going to litigate this claim to its very last dollar if your client persists in this path.

(Appellee's Br. Exhibit 1). At this point in the history of the probate matter, Stephens had not filed a notice of appearance on behalf of either the Estate or Blackwell.

Connie understood Stephens's letter as being sent on behalf of all of the decedent's children which, in fact, is what the letter said; she did not interpret the letter as originating from Blackwell alone in his capacity as the Estate's personal representative, as would be required by KRS 396.055. As a result, on September 10, 2008, Connie filed a notice and motion requesting that the district court deem her claim "allowed" because Blackwell, as personal representative of the Estate, failed to send Connie a proper notice of disallowance.

The district court held a hearing on Connie's motion on September 15, 2008. At the hearing, Stephens orally entered his appearance as counsel for the Estate. At the conclusion of the hearing, the district court found Stephens's June 11, 2008 letter to be an appropriate disallowance of Connie's claim. The district court also concluded, because Connie failed to take any action against Blackwell, in his representative capacity, within sixty days from June 11, 2008, as required by KRS 396.055(1), Connie's claim was time-barred. On September 16, 2008, the district court entered an order confirming its ruling.

Connie immediately filed a motion asking the district court to reconsider its September 16, 2008 order, arguing Stephens's June 11, 2008 letter was not a proper notice of disallowance, and if the district court found otherwise, the letter nonetheless failed to include the "warning language" mandated by KRS 396.055(1). The district court denied Connie's motion.

Connie promptly appealed to the Franklin Circuit Court. Likewise, on October 14, 2008, Connie filed an original action in the circuit court challenging Blackwell's disallowance of her maintenance claim on the Estate. By agreement of the parties, the circuit court consolidated the appeal and the original action.

Before the circuit court, Connie argued: (1) the district court's findings of fact contradicted the evidence with respect to whether the June 11, 2008 letter was a proper notice of disallowance; (2) the district court's order was not in accordance with KRS 396.045(2); (3) the district court erred in applying the sixty-day limitations period to this action; (4) the district court erred in not extending the sixty-day limitations period (if applicable) to avoid injustice; and (5) the district court's findings were inconsistent. Following a hearing, on August 12, 2010, the circuit court affirmed the district court's September 16, 2008 order and, concomitantly, dismissed Connie's original action. Connie then petitioned this Court for discretionary review, which we granted.

## II. *Analysis*

On appeal to this Court, Connie asserts the same arguments raised before the Franklin Circuit and District Courts. We address each argument in turn.

### A. *The June 11, 2008 Letter is a Proper Notice of Disallowance*

Connie first asserts the district court erred in concluding the June 11, 2008 letter constituted a proper notice of disallowance. Specifically, Connie argues the letter does not comply with KRS 396.055(1) because it was not sent by Blackwell, the Estate's personal representative, but instead was sent by Stephens on behalf of the decedent's children as a group. Connie contends KRS 396.055(1)

affords the personal representative—and only the personal representative—the authority to disallow a claim, and an estate's beneficiaries are not permitted to usurp the personal representative's authority. In response, Blackwell argues that the June 11, 2008 letter is a proper notice of disallowance because it: (i) specifies the parties, and (ii) acknowledges and specifically denies Connie's claim.

The resolution of this matter turns on our interpretation of KRS 396.055(1), which reads in full as follows:

> As to claims presented in the manner described in KRS 396.015 within the time limit prescribed in KRS 396.011, the personal representative may mail a notice to any claimant stating that the claim has been allowed or disallowed. If, after allowing or disallowing a claim, the personal representative changes his decision concerning the claim, he shall notify the claimant. The personal representative may not change a disallowance of a claim after the time for the claimant to commence an action on the claim has run and the claim has been barred. Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant commences an action against the personal representative not later than sixty (60) days after the mailing of the notice of disallowance or partial allowance if the notice warns the claimant of the impending bar. Failure of the personal representative to mail notice to a claimant of action on his claim for sixty (60) days after the time for original presentation of the claim has expired has the effect of a notice of

allowance, except that upon petition of the personal representative and upon notice to the claimant, the court at any time before payment of such claim may for cause shown permit the personal representative to disallow such claim.

Because the interpretation of a statute is a question of law, our review is *de novo. Osborne v. Commonwealth,* 185 S.W.3d 645, 648 (Ky.2006).

In construing KRS 396.055, we must "give effect to the intent of the General Assembly." *Bowling v. Kentucky Dep't of Corrections,* 301 S.W.3d 478, 490–91 (Ky.2009). "We derive that intent, if at all possible, from the language the General Assembly chose, either as defined by the General Assembly or as generally understood in the context of the matter under consideration." *Spencer v. Estate of Spencer,* 313 S.W.3d 534, 541 (Ky.2010). "When [a] statute is plain and unambiguous, the language of the statute is to be given full effect as written." *Mohammad v. Commonwealth,* 202 S.W.3d 589, 590 (Ky.2006); *Commonwealth v. McBride,* 281 S.W.3d 799, 803 (Ky.2009) ("The plain meaning of the statute controls."). Accordingly, we must afford the statute's words their common, ordinary, and everyday "meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." *Bailey v. Reeves,* 662 S.W.2d 832, 834 (Ky.1984); *Osborne,* 185 S.W.3d at 649–650 ("The words of [a] statute are to be given their usual, ordinary, and everyday meaning.").

Pursuant to KRS 396.055(1), upon receiving a timely[2] and properly presented[3] claim, the personal representative has two key options at his disposal: either allow

---

2.  KRS 396.011 requires claims to "be presented within six months after the appointment of the personal representative." *DeMoisey v. River Downs Inv. Co.,* 159 S.W.3d 820, 822 (Ky.App.2005); KRS 396.011.

3.  KRS 396.015 describes the proper method(s) by which a claimant may submit a claim against the estate.

the claim and pay the claimant, or disallow the claim and refuse payment. *DeMoisey v. River Downs Inv. Co.*, 159 S.W.3d 820, 822 (Ky.App.2005). If the personal representative chooses to disallow the claim, he or she must send notice to the claimant, within sixty days of the expiration of the six-month presentation period, informing the claimant the claim has been disallowed. KRS 396.055(1); KRS 396.011; *see also DeMoisey*, 159 S.W.3d at 822. The notice of disallowance effectively bars the claim against the estate unless the claimant takes specific steps to preserve his or her claim by filing "a separate collection against the personal representative" within sixty days after the mailing of the notice of disallowance. *DeMoisey*, 159 S.W.3d at 822; KRS 396.055(1).

In addition to the two options discussed above, "[a] third possibility, inaction, [also] results in allowance." *DeMoisey*, 159 S.W.3d at 822. That is, if the personal representative fails to take any action regarding the claimant's claim within the requisite sixty-day period, the claim is automatically deemed allowed subject to a limited exception. KRS 396.055(1) ("Failure of the personal representative to mail notice to a claimant of action on his claim ... has the effect of a notice of allowance[.]").

█ The initial question before us, then, is: "what constitutes an adequate notice of disallowance, as contemplated by KRS 396.055(1)?" No decision of this Court or our Supreme Court has precisely analyzed this issue. However, following a careful review of KRS 396.055(1), we find a proper notice of disallowance requires: (1) notification, and (2) a clear and unequivocal expression that the claim is disallowed. *See* KRS 369.055(1) (requiring the *"personal representative"* to send *"notice"* to the *"claimant* stating that the claim has been ... *disallowed"* (emphasis added)).

█ Turning first to the second element—a clear and unequivocal disallowance of the claim—we note the term "disallowed" is not defined in Chapter 396. For that reason, we will accord the word its ordinary meaning, *e.g.*, "to refuse to allow" or "to reject." *Black's Law Dictionary* DISALLOW (9th ed.2009). Accordingly, to bear legal effect, the personal representative's notice of disallowance must be a clear, final, and unambiguous expression that the personal representative is rejecting the claimant's claim. *See In re Estate of Evans*, 901 P.2d 1138, 1140 (Alaska 1995) (reiterating "a notice of disallowance must be 'clear and unequivocal' if it is to initiate the sixty-day period after which claims are barred" (citation omitted)); *In re Estate of Kotowski*, 704 N.W.2d 522, 528 (Minn.App.2005) (asserting that when a notice of disallowance "fails to clearly and unequivocally indicate disallowance, the notice is ineffective and the claim against the estate is allowed"). We perceive no justification for requiring the word "disallow" to be used in the notice, provided the notice sufficiently communicates the concept that the claim will not be honored.

In the case before us, we are satisfied the June 11, 2008 letter clearly and unequivocally disputed, rejected, and disallowed Connie's claim. Specifically, the letter explained that the Estate denied the decedent owed Connie maintenance, and even if he did, the Estate disputed the amount claimed by Connie. In fact, the letter described Connie's maintenance claim as a "phantom and non-existent debt." Moreover, the letter explicitly provided there was "no debt owed" Connie, and the Estate was going to litigate Connie's claim "to its very last dollar." Accordingly, the district court found, and we agree, that the letter clearly and unequivo-

cally disallowed Connie's maintenance claim.

Turning now to the notification element, the disallowance letter must provide notice *to* the correct person—the claimant; and it must be *from* the correct person—the personal representative. *See generally* KRS 396.055(1). Here, it is undisputed that the June 11, 2008 letter was sent to and received by Connie, the claimant. Accordingly, the letter provided proper notice to the correct person. The primary area of dispute, then, is whether the letter was sent from the proper person, *i.e.*, Blackwell in his capacity as the Estate's personal representative.

The Kentucky legislature placed the burden of allowing or disallowing a claim squarely on the shoulders of the personal representative. *See* KRS 396.055(1) ("[T]he *personal representative* may mail a notice to any claimant stating that the claim has been allowed or disallowed.... Failure of the *personal representative* to mail notice to a claimant of action on his claim ... has the effect of a notice of allowance[.]" (Emphasis added)). However, in construing KRS 396.055, we deem it prudent to apply the doctrine of substantial compliance.

One of the very purposes behind KRS 396.055(1) is to accord the claimant fair notice concerning his or her claim and, if disallowed, to grant the claimant an opportunity to dispute the disallowance. To that end, while a notice of disallowance may be from the personal representative's agent or attorney, and not the personal representative himself, the claimant nonetheless is afforded fair notice that the estate is not allowing his or her claim, and the objective of KRS 396.055(1) is satisfied. Rendering a notice of disallowance void—resulting in the claim being deemed automatically allowed[4]—is a harsh and unnecessary penalty when the notice clearly and unequivocally disputes and disallows the claim, but was sent by an agent of the personal representative, as opposed to the personal representative himself. Consequently, we apply the doctrine of substantial compliance to ascertain whether a notice of disallowance substantially complied with KRS 396.055(1).

Here, the June 11, 2008 letter did not come directly from Blackwell, but from Stephens. While Stephens did not explicitly explain he was sending the letter on Blackwell's behalf, he did indicate in the letter he had been contacted by the decedent's children. As alluded to previously, Blackwell, the executor of the Estate, is also the decedent's son and would be included as one of the decedent's children. Moreover, throughout the letter, Stephens often refers to the *Estate's* position regarding the claim, indicating Stephens was speaking on behalf of the Estate and, in turn, Blackwell.

We are cognizant that the quantum of evidence in this matter is meager at best. We also note that better practice would leave no doubt that the attorney writing the letter was acting on behalf of the personal representative and not heirs or others. Nonetheless, we find the June 11, 2008 letter substantially complied with KRS 396.055(1) as it was sent from Stephens who, in our estimate, was acting as an agent on Blackwell's behalf. As such,

4. As indicated previously, the "[f]ailure of the personal representative to mail notice to a claimant of action on his claim ... has the effect of a notice of allowance[.]" KRS 396.055(1). To that end, if we render a notice of disallowance void for failing to comply with KRS 396.055, it is as if the personal representative took no action on the claimant's claim, which is now deemed allowed as a matter of law without any review of the merits of the claim.

the Franklin Circuit Court properly affirmed the portion of the Franklin District Court's September 16, 2008 order finding the June 11, 2008 letter constituted a proper notice of disallowance.

### B. Connie's Claim is Not Barred Because the Notice of Disallowance Failed to Include the Warning Language Mandated by KRS 396.055(1)

■ Connie next contends, if the district court correctly found the June 11, 2008 letter to be a valid notice of disallowance, the district court nonetheless erred in finding Connie's claim was barred for failing to file a timely enforcement action against the personal representative because the disallowance letter failed to include warning language of the impending bar, as required by KRS 396.055(1). We agree.

In construing KRS 396.055(1), we must continue to "give effect to the intent of the General Assembly, and we derive that intent, if at all possible, from the plain meaning of the language the General Assembly chose." *Bowling*, 301 S.W.3d at 490–91; *McBride*, 281 S.W.3d at 803 ("The plain meaning of the statute controls."); *Osborne*, 185 S.W.3d at 649–650 ("The words of [a] statute are to be given their usual, ordinary, and everyday meaning.").

As explained previously, if a personal representative properly disallows a claimant's claim, the "claimant then has sixty days to commence an action against the personal representative and have the court consider the merits of the claim." *Patterson v. Estate of Boone*, 150 S.W.3d 58, 61 (Ky.App.2003); KRS 396.055(1). If the claimant fails to commence a separate action within the time prescribed, his or her claim is forever barred provided the disal-

lowance letter contains language warning of the sixty-day limitations period. KRS 396.055(1)("Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant commences an action against the personal representative not later than sixty (60) days after the mailing of the notice of disallowance or partial allowance *if the notice warns the claimant of the impending bar.*" (Emphasis added)).

Here, the June 11, 2008 letter clearly failed to include any language warning Connie of the impending sixty-day bar. As a result, we are unable to conclude the notice of disallowance complies, substantially or otherwise, with KRS 396.055(1). The question then becomes: "what is the effect on a claimant's claim if the personal representative fails to include the warning language required by KRS 396.055(1)?"

Because there is no published authority in this Commonwealth concerning this issue, we turn to our sister states for guidance. In *Estate of Kotowski*, 704 N.W.2d 522 (Minn.App.2005), the Minnesota appellate court, in interpreting language identical to KRS 396.055(1),[5] addressed whether the claimant could proceed with an untimely petition for allowance of a disallowed claim when the notice of disallowance failed to warn of the time frame in which the claimant could contest the disallowance. In construing Minnesota's equivalent to KRS 396.055(1), the court agreed with the reasoning of the Massachusetts Supreme Court and the Colorado Court of Appeals, both of which held "the failure of [the estate] to comply strictly with [the statute's] notice requirement ... relieves [the claimants] of the requirement to file

---

5. In 1988, Kentucky's General Assembly repealed and revised Kentucky's Probate Code which is now based, in part, on the Uniform Probate Code. *See* 1988 Ky. Acts ch 90, § 7.

Minnesota's legislature did likewise. As a result, the statute at issue in *Kotowski* and the language of the statute at issue here, KRS 396.055(1), contain similar language.

their claim seeking allowance within 60 days." *Kotowski,* 704 N.W.2d at 528–29 (quoting *Wishbone, Inc. v. Eppinger,* 829 P.2d 434, 437 (Colo.Ct.App.1991), *overruled on other grounds by Hall v. Hartley,* 948 P.2d 539 (Colo.1997)); *Telesetsky v. Wight,* 395 Mass. 868, 482 N.E.2d 818, 823 (1985) (concluding, because the personal representative failed to warn the claimant of the impending bar, the claimant "should be given an equal period of sixty days from the entry of rescript in this case to bring suit on her claim"). Ultimately, the Minnesota court held, because the claimant "was not informed of the time period in which she could file a petition contesting the disallowance, the proper remedy as a matter of law is to exempt [the claimant] from [the sixty-day] time period and to permit her to proceed on the late petition." *Kotowski,* 704 N.W.2d at 528–29.

We agree with the reasoning of the Minnesota, Colorado, and Massachusetts courts. The plain statutory language of KRS 396.055(1) does not suggest nor indicate the warning language is optional. As a result, "[w]e must conclude that, without a specific inclusion" of the warning language mandated by KRS 396.055(1) in the notice of disallowance, "the sixty-day time limit is not enforceable." *Kempf v. McDonald,* 2008 WL 2940806 (Ky.App.2008) (2007–CA–001124–MR), at *2.[6]

To be clear, we are not holding the personal representative's failure to include KRS 396.055(1)'s mandatory warning language renders the disallowance letter void. Consequently, the claimant is still obligated to bring an enforcement action against the personal representative disputing the disallowance, or the claim will be forever barred. We are holding that such a claimant is no longer bound to bring that enforcement action within the sixty-day limitations period set forth in KRS 396.055(1). If the claimant also already filed a petition against the personal representative contesting the disallowance, she is permitted to proceed on the late petition provided it was filed within a reasonable time. If the claimant has not yet filed a separate action because of the pendency of an appeal such as this one, the claimant should be afforded a reasonable time in which to file such action.

Here, Connie filed a petition in Franklin Circuit Court on October 14, 2008, disputing Blackwell's disallowance of her maintenance claim. The circuit court affirmed the district court and, in turn, dismissed Connie's circuit court action as untimely because Connie failed to file her action within sixty days of the mailing of the June 11, 2008 letter, that is, by August 11, 2008. However, as explained, in the absence of the mandatory warning language, Connie was not bound by the sixty-day limitations period. Accordingly, we find the circuit court erred in affirming the district court and dismissing Connie's original action on this ground.

Likewise, we find Connie filed her petition in the circuit court within a reasonable time. What constitutes a "reasonable time" is, of course, typically a fact-intensive, case-specific determination. However, because Connie filed her enforcement action within the six-month period for presenting claims to the estate set forth in KRS 396.011, it is undoubtedly timely. To clarify, today we hold only that an action filed against the personal representative under KRS 396.055 disputing the disallowance of a claim is timely filed if brought within the original six-month presentation

---

**6.** We do not cite *Kempf* as binding authority pursuant to Kentucky Rule(s) of Civil Procedure (CR) 76.28(4)(c), but merely to demonstrate consistency with this Court's prior reasoning.

period set forth in KRS 396.011(1). We express no view on the outer-limits of when such an action, filed under these same circumstances, but following expiration of the six-month window established in KRS 396.011(1), would be considered timely. We leave that to another day.

Our holding on this issue makes consideration of Connie's remaining assertions of error unnecessary.

### III.  *Conclusion*

For the foregoing reasons, we reverse the August 12, 2010 order of the Franklin Circuit Court which affirmed the September 16, 2008 judgment and order of the Franklin District Court with respect to the district court's finding that Connie's failure to initiate an enforcement action against Blackwell within the requisite sixty-day limitations period barred her claim, and remand for further proceedings consistent with this opinion. However, we affirm both orders to the extent they found the June 11, 2008 letter to be a valid and proper notice of disallowance.

ALL CONCUR.